Jack **LOONEY, Jr.,** et ux., **Appellants,**

v.

**GIBRALTAR SAVINGS ASSOCIATION, et al., Appellees.**

No. 07–85–0074–CV.

Court of Appeals of Texas, Amarillo.

July 31, 1985.

Bill Cornett, Art B. Lara, Jr., Amarillo, for appellants.

Gibson, Ochsner & Adkins, Mac W. Hancock, III and William S. Leach, Robert H. Smith, Templeton & Garner, Robert Garner, Amarillo, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Jack Looney, Jr. and his wife, Elizabeth Looney, bring this appeal from the trial court's denial of their motion to reinstate their cause of action, which the court had dismissed for want of prosecution. The Looneys' reinstatement motion was denied because the court, albeit finding all facts mandating reinstatement, ruled that it had lost jurisdiction of the matter. Determining that the court had jurisdiction at the time it signed the order denying the reinstatement motion, we reverse and render.

On 29 June 1981, the Looneys, represented by attorney R.C. Hamilton, filed their original petition in Cause No. 22,099–C on the docket of the 251st Judicial District Court of Randall County, seeking monetary recovery from Gibraltar Savings Association and other defendants. Later in December of 1983, Hamilton filed a motion to withdraw as their attorney, stating that he had delivered the entire file to Jack Looney Jr. and had obtained consent to withdraw as their counsel. Bill Cornett, an attorney subsequently retained to represent the Looneys, presumed that Hamilton's motion to withdraw notified the court that he was representing the Looneys.[1]

The trial court ordered the Looneys' cause of action dismissed on 22 August 1984 for want of prosecution, reciting that notice of intent to dismiss had been given and no request for a setting or continuance had been presented. Although notice of the judgment dismissing the cause was transmitted to three attorneys representing the defendants, no notice of the judgment was sent to the Looneys or to any attorney purporting to represent them.

On 7 December 1984, 107 days after the judgment of dismissal was signed, Cornett discovered that the action had been dismissed. He filed a motion to reinstate the cause, supported by affidavits, on 13 December 1984, 113 days after the dismissal judgment was signed.

Evidence was presented in support of the reinstatement motion on 21 December 1984, 121 days after dismissal. The court ordered briefs and postponed its decision until the briefs were received.

On 16 January 1985, 147 days after signing the dismissal judgment, the court determined that it lost jurisdiction of the cause on 20 December 1984, 120 days after dismissal. The court signed the order denying reinstatement of the cause on 22 January 1985, 153 days after dismissal, reciting

that: (1) the Looneys' failure to take action was not intentional or the result of conscious indifference, but was due to an accident or mistake or otherwise reasonably explained; (2) the clerk of the court failed entirely to give notice to the Looneys or to their attorney of the judgment dismissing the cause; (3) the Looneys and their attorney did not acquire notice of the dismissal until 7 December 1984, more than twenty days after the judgment was signed; and (4) the motion to reinstate was timely filed on 13 December 1984, but the court's jurisdiction to grant the motion expired on 20 December 1984.

The Looneys challenge the court's denial of the reinstatement motion for lack of jurisdiction. Their challenge is tested by the interactional operation of Rules 165a and 306a[2] on the established facts. These rules were in effect in their present form at all times material to the dismissal and reinstatement proceedings, and the portions of them that are pertinent to the proceedings are copies here for ready reference.

Rule 165a provides:

1. Dismissal. A case may be dismissed for want of prosecution.... Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

2. Reinstatement. A motion to reinstate ... shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a....

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to take action to prevent dismissal] was not intentional or the result of conscious indifference but was due to an accident or mistake or

---

1. However, Hamilton's withdrawal motion not only made no mention of a substitute attorney, but it does not appear that the motion came to the trial court's attention before Cornett moved to be substituted as attorney for the Looneys on 26 December 1984. The court granted Hamil-

ton's withdrawal and Cornett's substitution by its 4 January 1985 order.

2. These are two of the Texas Rules of Civil Procedure.

that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

And Rule 306a provides:

1. Beginning of periods. The date a judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents in connection with an appeal....

    \*    \*    \*    \*    \*    \*

3. Notice of judgment. When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

4. No notice of judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) ... shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

*See* Vernon Supp.1985 for the full text of these rules as amended effective 1 April 1984.

By their diverse interpretations of the application of these rules to the factual situation in this appeal, the parties calculate different time limits for the trial court's exercise of plenary power to determine the Looneys' motion to reinstate. Gibraltar Savings maintains that the rules allow an absolute maximum of 120 days after the 22 August 1984 dismissal judgment was signed—*i.e.*, not later than 20 December 1984—for the filing and determination of the reinstatement motion. The Looneys contend that the rules permit their motion to be filed within 120 days after the judgment was signed—*i.e.*, not later than 20 December 1984—and the court to act on it within 75 days beginning ninety days after the judgment was signed—*i.e.*, until 3 February 1985. It is not profitable to detail the differing interpretations, for a proper construction of the rules with their interactional operation validates the Looneys' contention and our sustention of their point of error.

■ Rule 165a alone controls the situation where a party whose cause has been dismissed for want of prosecution either, personally or through his attorney, receives the specified notice or acquires actual knowledge of the dismissal within 20 days after the judgment of dismissal is signed. In that situation, the motion to reinstate must be filed within 30 days after the judgment is signed. Rule 165a(2). If the court does not decide the timely filed reinstatement motion by a written order signed within 75 days after the judgment is signed, then the motion is overruled by operation of law at that time. *Id.* In the event the motion is overruled, either by a timely signed written order or by operation of law, the court retains plenary power to reinstate the cause for 30 days after the reinstatement motion is overruled. *Id.*

■■ Where, however, the party whose cause is dismissed for want of prosecution or his attorney receives the specified notice or acquires actual knowledge of the dismissal more than 20 days after the judgment of dismissal is signed, Rule 165a operates in conjunction with Rule 306a to fix the timetables for the timely filing of the motion to reinstate and the exercise of the court's plenary power to decide it. Rule 165a(1). In this situation, the 30-day period provided by Rule 165a(2) for filing the reinstatement motion begins (1) on the day the notice is received or actual knowledge is acquired of the dismissal judgment or (2) 90 days after the judgment is signed, whichever occurs first. Rule 306a(4). Thus, the maximum time allowed for the timely filing of a reinstatement motion is 120 days after the judgment of dismissal is signed.

Given the timely filing of the reinstatement motion, the 75-day period during which the court may decide the motion before it is overruled by operation of law at the end of that period, Rule 165a(2), begins, within the meaning of Rule 306a(1), on the date notice is received or actual knowledge is acquired of the dismissal, but in no event later than 90 days after the judgment of dismissal is signed. Rule 306a(4); *Aetna Cas. & Sur. Co. v. Harris*, 682 S.W.2d 670, 671 (Tex.App.—Houston [1st dist.] 1984, no writ). At the latest, then, a reinstatement motion undecided by written order signed within the 75-day period is overruled by operation of law 165 (90 + 75) days after the dismissal judgment is signed. Still, even though the reinstatement motion is overruled—either by a written order signed within the 75-day period or, absent such an order, by operation of law at the end of the 75-day period—the trial court retains plenary power to reinstate the cause for 30 days after the reinstatement motion is overruled, a maximum period of 195 days after the dismissal judgment is signed. Rule 165a(2).

■■ It follows from the established facts that, since the Looneys did not learn of the 22 August 1984 judgment of dismissal until 7 December 1984, 107 days after the judgment was signed, their reinstatement motion was due to be filed within 30 days following the 90th day after the dismissal judgment was signed, Rules 165a(2), 306a(4), *i.e.*, on or before 20 December 1984, and its filing on 13 December 1984 was timely. With the timely filing, the trial court had jurisdiction for 75 days following the 90th day after the dismissal judgment was signed, *i.e.*, until 3 February 1985, to decide the motion. Rules 165a(2), 306a(1), 306a(4). Thus, when the court denied the motion on 22 January 1985 on the erroneous determination that its jurisdiction to grant the motion expired on 20 December 1984, the court still retained jurisdiction over the motion.

■■ In the first recitation of facts in its denial order, the court found the existence of all of the facts which mandates that "[t]he court shall reinstate the case." Rule 165a(2). These factual findings are not attacked on appeal and, therefore, they must be accepted as conclusive. *Brooks v. Blue Ridge Ins. Co.*, 677 S.W.2d 646, 650 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). The conclusive facts require that we, upon reversal of the court's order denying the reinstatement motion, proceed to render the judgment the trial court should have rendered. Tex.R.Civ.Pro. 434.

Accordingly, the trial court's order denying the motion to reinstate is reversed, and judgment is here rendered that the dismissed cause of action filed in Cause No. 22,099–C on the docket of the 251st Judicial District Court of Randall County be, and it hereby is, reinstated.