**Bobby Ralph HALE, Elaine Hale, Jimmie P. Davis and Doylene Davis, Appellants,**

v.

**S.W. MOTHERSHED, Sr., Cora Douglas and Lazell Pullam, Appellees.**

No. 9490.

Court of Appeals of Texas, Texarkana.

July 22, 1986.

Raymond D. Anderson, Keeney, Anderson & James, Texarkana, for appellants.

James Bullock, Missouri City, for appellees.

CORNELIUS, Chief Justice.

Appellants challenge a district court order reinstating appellees' case after it had been dismissed for want of prosecution. Although we agree that the reinstatement order is void because it was entered after the district court lost jurisdiction, we find that we do not have jurisdiction to entertain this attack on it, and accordingly dismiss the appeal.

On November 26, 1985, the district court of Cass County dismissed appellees' suit for want of prosecution. A motion to reinstate the cause was filed on December 26, 1985, and a hearing was held on January 10, 1986. The reinstatement order was signed on January 21, 1986.

Tex.R.Civ.P. 165a and 306a provide a detailed procedure for reinstating a cause dismissed for want of prosecution. *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762, 763 (Tex.1978); *see also*, McConnico & Bishop, *Practicing Law With the 1984 Rules: Texas Rules of Civil Procedure Amendments Effective April 1. 1984*, 36 Baylor L.Rev. 73 (1984); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.19 (rev. 1984). If the aggrieved party receives notice of the dismissal within twenty days of the dismissal order, the trial court may on a showing of good cause reinstate the case within thirty days of the dismissal order. If the party receives notice after twenty days but within ninety days, the trial court may reinstate the case within thirty days after notice was received. To take advantage of the latter provision the moving party must prove on sworn motion and notice the date

on which he or his attorney first received notice of the judgment and that the date was more than twenty days after the dismissal judgment was signed. Tex.R.Civ.P. 306a(5).

■ Appellees did not comply with Tex. R.Civ.P. 306a(4) and (5) so as to extend the time limit for the district court to order reinstatement beyond December 26, 1985. The reinstatement order recites that appellees did not receive notice until after December 6, 1985, but neither the order nor the motion to reinstate specifies the actual date appellees received notice. If notice was received on December 6 the district court lost jurisdiction on December 26.

■ Despite our conclusion that the order is void, we must dismiss the appeal because an order reinstating a case after its dismissal is interlocutory. *Nowlin v. Wheeler*, 617 S.W.2d 809 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ); *Johnson Radiological Group v. Medina*, 566 S.W.2d 117 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ dism'd). We have no jurisdiction of appeals from interlocutory orders except those specified in the statutes or rules. *Henderson v. Shell Oil Company*, 143 Tex. 142, 182 S.W.2d 994 (1944).

Appellants are not without remedy. They may petition for a writ of mandamus to set aside the reinstatement order. *See N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex.1977).

For the reasons stated the appeal is dismissed.