**William H. POPE, Appellant,**

v.

**Ronnie Franklin MOORE and Sandra Moore, Appellees.**

**No. 05–86–00840–CV.**

Court of Appeals of Texas, Dallas.

March 23, 1987.

Rehearing Denied May 4, 1987.

Harold D. Hammett, Fort Worth, for appellant.

Thomas V. Murto III, Law Offices of R. Jack Ayres, Jr., P.C., Dallas, for appellees.

Before STEPHENS, ROWE and THOMAS, JJ.

ROWE, Justice.

William H. Pope appeals the summary rendition of judgment denying his attempt, by bill of review, to set aside a previous default judgment against him in favor of Ronnie Franklin Moore and Sandra Moore. Because the summary judgment evidence precluded as a matter of law the possibility that Pope could establish an element essential to the theory upon which he relied to establish his right to a bill of review, we affirm the trial court's judgment.

In 1984, the Moores sued Pope to recover for injuries which Ronnie suffered while participating in a cross-country motorcycle race held on Pope's ranch. Although personally served with citation, Pope failed to answer in that suit. The trial court then rendered default judgment for the Moores after hearing evidence concerning the amount of their damages. The clerk, however, allegedly failed to send Pope the postcard notification of the judgment required by TEX.R.CIV.P. 239a. Seventy-eight days after judgment, Pope received a bill for the costs in the Moores' suit against him.

One hundred eighteen days after the judgment and forty days after receiving the cost bill, Pope filed his motion for new trial, alleging that he did not actually know of the judgment until one hundred thirteen days after it had been rendered. Pope requested that his motion, which ordinarily must be filed within thirty days after the judgment is signed, be treated as timely under TEX.R.CIV.P. 306a(4). This rule extends, up to ninety days after judgment, the commencement of the thirty-day period in which to request a new trial when the movant does not learn of the judgment within twenty days of its rendition. After a hearing on Pope's motion for an extension of time and the lapse of one hundred fifty-seven days from the date of judgment, the trial court entered a written order pursuant to TEX.R.CIV.P. 306a(5) finding that all periods of time which would have otherwise commenced with the signing of the judgment actually commenced seventy-eight days later, the date on which Pope received the clerk's cost bill. Accordingly, the new trial motion was stricken as untimely. Pope appealed the default judgment by writ of error, but he did not complain of the rulings on his postjudgment motions. Although modified to reduce a portion of the damages, this judgment was in all other respects affirmed by the supreme court. *Pope v. Moore,* 711 S.W.2d 622, 624 (Tex.1986).

While awaiting the final outcome of his appeal, Pope initiated the present action seeking to set aside the default by a bill of review. Ordinarily, a bill of review is granted because the opposing party, through fraud, accident or mistake, prevents the party seeking review from presenting a meritorious defense in the prior suit. *See Gracey v. West,* 422 S.W.2d 913, 915 (Tex.1968); *Alexander v. Hagedorn,* 148 Tex. 565, 568–69, 226 S.W.2d 996,

998 (Tex.1950). However, Pope did not allege this theory of recovery. Instead, relying on *Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex.1964), he based his equitable claim on the theory that the clerk of the trial court prevented him from timely requesting a new trial by failing to send notice of judgment as required by rule 239a. *See, e.g., Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 244 (Tex.1974). Under this theory, Pope was required to allege and prove that his failure to answer in the prior suit was neither intentional nor the result of conscious indifference, that the clerk failed to provide the required notice of judgment, that the clerk's omission prevented him from timely filing a new trial motion, that he had a meritorious defense to the action which resulted in a default judgment, and that setting aside the default judgment would work no injury on the opposing party. *See Parker v. Gant*, 568 S.W.2d 163, 165 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

The Moores answered and filed a motion for summary judgment based on the record in the prior proceeding. As the defendant and movant for summary judgment, it was the Moores' burden to either negate as a matter of law at least one element essential to Pope's ground of recovery or to establish as a matter of law every element of an affirmative defense. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *Mostek Corp. v. Chemetron Corp.*, 642 S.W.2d 20, 23 (Tex.App.—Dallas 1982, no writ). To discharge this burden, the Moores relied wholly on the record in the former proceeding, contending in part that Pope was not entitled to a bill of review as a matter of law because he could not now seek to relitigate the trial court's finding of when he learned of the default judgment.

■ Although the parties treat this contention as an invocation of the doctrine of res judicata, we think it more properly treated as a claim of collateral estoppel. *See, e.g., Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 679 (Tex.1982). This doctrine bars relitigation in a different cause of those fact issues previously litigated in and essential to an action concluded by the rendition of a prior judgment. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362 (Tex.1971). Questions of fact actually decided in post-judgment motions attacking the validity of the judgment are deemed "essential" thereto and, therefore, fall within the ambit of this rule. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980). Given the trial court's written finding of when Pope knew of the judgment, that question was undoubtedly actually litigated in the disposition of Pope's new trial motion.

If the trial court's finding was not void, Pope cannot now seek to relitigate it because he did not challenge it in his appeal by writ of error. Further, this finding would defeat his right to a bill of review on the theory alleged by Pope because it showed that Pope was not prevented from obtaining a new trial by the clerk's failure to send the postcard notification of the judgment.

If within twenty days after the judgment ... is signed, a party adversely affected ... or his attorney has neither received the notice required by [rule 239a] nor acquired actual knowledge of the [judgment], then with respect to that party all periods [for perfecting an appeal or filing a motion for new trial] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment ... was signed.

TEX.R.CIV.P. 306a(4). Thus, if Pope be deemed to have learned of the signing of the judgment seventy-eight days later, he could have timely moved for new trial at any time up to and including the one hundred eighth day after the judgment was signed, notwithstanding the clerk's failure to send the notice. TEX.R.CIV.P. 306a(4), 329b(a).

■ Pope contends, however, that the trial court had no jurisdiction over the cause when, one hundred fifty-seven days after the rendition of judgment, it entered its finding that the time for filing the new trial motion commenced on the seventy-

eighth day after judgment. He reasons that rule 306a(4) extends the trial court's jurisdiction over its judgment only for one hundred twenty days and, therefore, that the trial court had lost jurisdiction before it made its finding. In support of this contention, Pope cites *Hale v. Mothershed,* 715 S.W.2d 134, 135 (Tex.App.—Texarkana 1986, no writ).

In *Hale,* the plaintiff's case was dismissed for want of prosecution pursuant to TEX.R.CIV.P. 165a. That same rule permits reinstatement within seventy-five days if a motion is filed within thirty days of dismissal or if in conjunction with an extension under TEX.R.CIV.P. 306a the motion contains a *verified* allegation that the plaintiff did not know of the dismissal within twenty days. The plaintiff moved for and was granted reinstatement, but the opinion of the court of appeals indicated that the trial court had no jurisdiction because the reinstatement motion was filed more than thirty days after the dismissal and did not confer jurisdiction under rule 306a because it contained no verified allegation that the plaintiffs did not learn of the dismissal within twenty days.

Although we have many reservations about the court's observations in *Hale* concerning rules 165a and 306a, we agree that the trial court would have had no jurisdiction if the motion neither was filed within thirty days nor contained sufficient allegations to permit an application of rule 306a. Indeed, this appears to be merely an application of the axiom that one who seeks to invoke the trial court's jurisdiction must do so on the face of the instrument requesting the action by the trial court. *See, e.g., Brown v. Peters,* 127 Tex. 300, 302–03, 94 S.W.2d 129, 130 (1936) (no jurisdiction where petition did not aver that the value of the property in question was an amount within the jurisdictional limits of the trial court). Therein lies the distinction between *Hale* and this case.

Unlike the motion of the plaintiffs in *Hale,* Pope's motion alleges the essential requisites for an extension of time under rule 306a. He averred that he did not learn of the judgment until one hundred thirteen days after the fact. This motion was filed within thirty days of the date of which Pope *alleged* that he learned of the judgment and within one hundred twenty days of the date of the judgment. Therefore, it was sufficient to invoke the trial court's jurisdiction under rule 306a to determine the verity of Pope's allegations. *See Looney v. Gibraltar Savings Association,* 695 S.W.2d 336, 339–40 (Tex.App.—Amarillo 1985, no writ). The motion having been sufficient on its face to invoke the trial court's jurisdiction, the trial court had jurisdiction to determine those facts necessary to the proper determination of whether to exercise its power. *Waldron v. Waldron,* 614 S.W.2d 648, 650 (Tex.Civ.App.—Amarillo 1981, no writ).

Further, the finding was made before the trial court's power to act on motion would have expired. Under TEX.R.CIV.P. 329b(c), when a motion for new trial is filed within thirty days after the rendition of judgment, the trial court has seventy-five days from the rendition of judgment in which to act. Rule 306a does not alter this timetable except that the date runs not from the date of judgment but from the date the party learns of it. Had the facts been as Pope alleged, the trial court had jurisdiction to rule on the motion any time before the expiration of one hundred sixty-five days from the date of judgment. The trial court entered its finding on the one hundred fifty-seventh day. Because this was within the potential jurisdiction of the trial court, we decline to now treat it as void merely because it was entered more than seventy-five days after the date Pope was found to have learned of the judgment. Having invoked the court's jurisdiction to determine jurisdiction, Pope cannot now contend that the finding of a fact which required the denial of jurisdiction does not bind him when a finding which would have permitted the exercise of jurisdiction would bind the opposing party. *See Moore v. Moore,* 430 S.W.2d 247, 250–51 (Tex.Civ. App.—Dallas 1968, writ ref'd n.r.e.) (estoppel to question jurisdiction). Consequently, the doctrine of collateral estoppel precludes Pope from relitigating the date on which he actually learned of the judgment. Since

the discovery date is established as a matter of law, it necessarily follows that the clerk's failure to send the notice did not prevent Pope from obtaining a new trial. Thus, Pope cannot prove an element essential to establishing his right to a bill of review on that theory. Because Pope alleged no fraud, mistake or accident by the Moores which caused his failure to answer, the trial court correctly rendered summary judgment that he take nothing. That judgment, accordingly, is affirmed.