IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-202-CV





BRYAN MAXEY,



 APPELLANT


vs.





ED PARSONS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 12,957, HONORABLE CLAYTON E. EVANS, JUDGE



 





PER CURIAM



 Appellant Bryan Maxey appeals from an order of the
district court of Burnet County denying his petition for bill of
review. We will affirm the order.

 Appellant owns and operates the Channel Oaks Water System
that supplies water to residents of a subdivision located in Burnet
County. In December 1988, appellant filed the lawsuit underlying
the bill of review against appellee Ed Parsons seeking, in
pertinent part, an accounting of funds allegedly paid appellee as
trustee for appellant. Appellee counterclaimed for malicious
prosecution. After a hearing, the district court, on April 28,
1989, entered a summary judgment on the original claim and the
counterclaim in favor of appellee and against appellant.

 Thereafter, on November 6, 1989, appellant filed his
original petition for bill of review seeking to set aside the
summary judgment. A bill of review is an equitable proceeding to
set aside a judgment that is no longer appealable or subject to a
motion for new trial. Ortega v. First RepublicBank Fort Worth, N.
A., 792 S.W.2d 452, 453 (Tex. 1990); Baker v. Goldsmith, 582 S.W.2d
404, 406 (Tex. 1979). The bases on which a party can obtain a bill
of review are narrow because the procedure conflicts with the
fundamental policy that judgments must become final at some point. 
Thus, a petitioner must ordinarily plead and prove (1) a
meritorious defense to the cause of action alleged to support the
judgment, (2) that he was prevented from making by the fraud,
accident, or wrongful act of his opponent, (3) unmixed with any
fault or negligence of his own. Transworld Financial Services
Corp. v. Briscoe, 722 S.W.2d 407 (Tex. 1987); Baker, 582 S.W.2d at
408-09; Alexander v. Hagedorn, 226 S.W.2d 996 (Tex. 1950).

 In the instant cause, we first note that appellant has
attached numerous exhibits to his brief, to the supplement to the
brief, and to his response to appellee's brief. The attachment of
documents as exhibits or appendices to briefs does not make those
documents part of the record on appeal; therefore, this Court
cannot consider such documents. Perry v. Kroger Stores, Store No.
119, 741 S.W.2d 533, 534 (Tex. App. 1987, no writ); Zodiac Corp. v.
General Electric Credit Corp., 566 S.W.2d 341, 347 (Tex. Civ. App.
1978, no writ). We do, of course, consider any documents that are
properly before us as part of the record on appeal.

 In his brief, supplement, and response, appellant raises
five points of error in which he asserts that he did not receive
notice of the filing of appellee's counterclaim, of the motion for
summary judgment, or of the setting of the hearing on the motion
for summary judgment; and did not receive timely notice of the
entry of judgment. As we understand the argument, appellant relies
on these contentions to satisfy the second and third elements
required to obtain a bill of review. (1) See also Petro-Chemical
Transport, Inc. v. Carroll, 514 S.W.2d 240 (Tex. 1974); Pope v.
Moore, 729 S.W.2d 125 (Tex. App. 1987, writ ref'd n.r.e.)
(petitioner who also shows meritorious defense and no fault or
negligence of own may predicate bill of review on clerk's failure
to send notice of judgment).

 Appellant, represented by an attorney, filed an original
petition naming appellee as defendant in the underlying suit. At
the bill of review hearing, appellee's attorney testified that
copies of appellee's answer, counterclaim, and special exceptions
were served on appellant's attorney of record, by certified mail,
but were not sent directly to appellant. The transcript includes
a copy of appellee's motion for summary judgment which ends with a
signed order setting the hearing on the motion for April 28, 1989. 
The motion also includes a certificate of service showing service
on appellant's attorney by certified mail. Appellee introduced
into evidence the transmittal letters, addressed to appellant's
attorney, for each of the documents. The letter accompanying the
motion for summary judgment states that "a hearing on this motion
. . . has been set for hearing by the Court on April 28, 1989 at
9:00 o'clock a.m."

 Texas R. Civ. P. Ann. 124 (Supp. 1991) provides, in
pertinent part:



 When a party asserts a counterclaim ... against
another party who has entered an appearance, the
claim may be served in any manner prescribed for
service of citation or as provided in Rule 21(a).



See generally 2 McDonald, Texas Civil Practice § 7.53--(VII) (rev.
ed. 1982 & Supp. 1990). Texas R. Civ. P. Ann. 21(a) (Supp. 1991)
provides that a document may be served by delivery to a party or
his attorney of record by certified mail to the last known address. 
Pursuant to Rule 21(a), a certificate of service creates a
presumption that the requisite notice was served and, in the
absence of evidence to the contrary, has the force of a rule of
law. Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987); Krchnak v.
Fulton, 759 S.W.2d 524, 528 (Tex. 1988, writ denied); Hurt v. Bays,
537 S.W.2d 139 (Tex. Civ. App. 1976, writ ref'd n.r.e.).

 Appellant responds that, as to the counterclaim, the
attorney was not his attorney of record. At the hearing, however,
appellant testified that he had hired the attorney to file the
original claim and had not notified appellee, appellee's attorney,
or the trial court that the attorney did not represent him in the
defense of the counterclaim. Appellant testified further that he
did not know whether the attorney received a copy of the
counterclaim. The record shows that appellee complied with the
applicable rules in providing notice of the counterclaim, the
motion for summary judgment, and the setting for the hearing on the
motion.

 The record does not show, however, whether the district
clerk of Burnet County sent notice of judgment, pursuant to Tex. R.
Civ. P. Ann. 306a(3) (Supp. 1991). We conclude, assuming that the
clerk did not send timely notice, that the failure to send notice
was not harmful. Petro-Chemical Transport, 514 S.W.2d at 246;
Pope, 729 S.W.2d at 127. Appellee introduced into evidence a
transmittal letter for interrogatories in aid of judgment,
addressed to appellant and dated June 5, 1989, and a receipt for
certified mail signed by a person at appellant's address on June
8th. Appellant testified that he did not sign the certified mail
receipt, but that the card did show his address; that he did not
recall having seen the interrogatories; and that he was not
positive that the trial court had entered a judgment until
approximately six months later when he wrote the court. Appellee
also introduced a letter, dated July 31, 1989, by which appellant's
attorney returned answers to these interrogatories on appellant's
behalf.

 The evidence suggests that appellant acquired actual
knowledge of the judgment on June 8, 1989, when he received the
interrogatories in aid of judgment. Pursuant to Tex. R. Civ. P.
Ann. 306a(4) and (5), and Tex. R. App. P. Ann. 5(b)(4) and (5), he
may have proved in the trial court that he did not receive notice
until that day and thereby have extended the time within which to
file a motion for new trial or to perfect an appeal. See Pope, 729
S.W.2d at 127.

 Because appellant did not allege and prove any fraud,
accident, or wrongful act on appellee's part that prevented
appellant from presenting a meritorious defense, or the absence of
fault or negligence of his own, we overrule his points of error. 
The order denying petition for bill of review is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed:  March 13, 1991

[Do Not Publish]
1. Appellant does not argue that the lack of notice requires
this court to reverse the order denying petition for bill of
review. See Peralta v. Heights Medical Center, Inc., 485 U.S. 80
(1988); LDL Oil Co. v. International Power Services, Inc., 777
S.W.2d 390 (Tex. 1989).