George LEVIT, Appellant,

v.

Kaylon ADAMS, Appellee.

No. 01–91–00475–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1992.

Motion by a Justice of the Court for En Banc Consideration Overruled Oct. 22, 1992.

Dissenting Opinion of Justice Mirabal Following Overruling of Motion for Hearing En Banc

Oct. 22, 1992.

Rehearing Denied Nov. 5, 1992.

David R. Richards, Austin, for appellant.

Guy N. Hohmann, Austin, Lori A. Hood, Houston, for appellee.

Before DUGGAN, COHEN and PRICE *, JJ.

## OPINION

COHEN, Justice.

George Levit sued his accountant, Kaylon Adams, seeking more than $500,000 in damages arising from Adams' alleged negligence, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. On May 4, 1990, the trial judge

---

* The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

dismissed that case for want of prosecution. Levit did not discover the dismissal until August 3, 1990. On September 10, 1990, Levit filed this suit, challenging the dismissal by equitable bill of review. The trial judge granted summary judgment for Adams in the bill of review proceeding. Levit appeals, contending that the trial court erred in granting the summary judgment. We affirm.

The facts surrounding Levit's discovery of the May 4 dismissal are not in dispute. Levit's attorney, Gary MacInnis, sued Adams in 1986. On January 27, 1989, the trial judge granted MacInnis' motion to withdraw from the case. On February 27, 1989, Levit filed his designation of Frank T. Ivy of Austin as new counsel. Ivy filed amended petitions on March 29 and October 2, 1989, and July 2, 1990. Throughout this time, discovery was ongoing.

On July 2, 1990, Levit also moved for a protective order and set the motion for hearing on August 3, 1990. At the hearing, Ivy first discovered that the case had been dismissed for want of prosecution 91 days earlier, on May 4. Before August 3, 1990, Levit had no notice of either the judge's intent to dismiss or of the dismissal.

In their summary judgment affidavits, the parties disagree about what occurred at the August 3 hearing. No statement of facts from that hearing is before us.

Ivy swore that on August 3, he showed the judge the filemarked designation of counsel and notice of appearance, dated February 27, 1990. Also on August 3, he examined the court's file, but found no documents showing why the court failed to notify him of the dismissal. Without that evidence, Ivy believed he could not meet

the burden of proof established by rule 165a(3).[1] He and his agents searched without success for the next several weeks, attempting to locate proof of the reason for the court's failure to notify him of its intent to dismiss and of the dismissal. In support of his version of these events, Ivy filed the affidavits of two employees who searched for documentation, as well as the district clerk's affidavit. The clerk confirmed that on August 23, she searched for dismissal notices. They were not in the case file, but she finally located them during the first week of September 1990.[2] The notices had been sent to Levit's former counsel, Gary MacInnis, on March 7 and May 7, 1990, even though MacInnis had withdrawn by court order of January 27, 1989.[3] Ivy obtained this information on September 7, after the time for filing a motion to reinstate had passed. He filed the bill of review on September 10, 1990.

On November 7, 1990, Adams moved for summary judgment in the bill of review proceeding, asserting that Levit was not entitled to equitable relief because he had failed to pursue adequate legal remedies for challenging the dismissal. Specifically, Adams argued that Levit's failure to timely file a motion to reinstate under rule 306a of the Texas Rules of Civil Procedure within 29 days of August 3, 1990, the date he learned of the dismissal, precluded the bill of review proceeding. In response, Levit claimed that he had attempted to argue reinstatement to the judge on August 3, but counsel for Adams convinced the court that it no longer had jurisdiction to reinstate. Adams responded that the issue of jurisdiction arose only regarding Levit's motion for a protective order, not regarding reinstatement. According to Adams, the judge simply ruled that she had no

---

1. Rule 165a(3) provides in relevant part that "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R.Civ.P. 165a(3). Ivy testified by affidavit that on August 3, it was his "understanding based on statements made by the court, that it was my burden to develop proof that I had not received notice

of the dismissal at any time before August 3, 1990."

2. The first business day of September 1990 was September 4.

3. It is also undisputed that counsel for Adams timely received notice of the dismissal but did not reveal this information to Ivy until August 3, when he provided Ivy with a copy of the notice.

jurisdiction to consider the motion for protection because the case had been dismissed.[4]

The trial court granted summary judgment in Adams' favor. Levit brings four points of error contending that the trial court erred in granting summary judgment on his bill of review, in denying his cross-motion for summary judgment, in dismissing his suit against Adams without notice, and in denying him the right to a jury trial of disputed fact issues.

We take as true appellant's unchallenged assertions that his suit was dismissed without proper notice. Tex. R.App.P. 74(f). We further agree that a party suffering a judgment without notice may not, consistent with due process, be hampered with undue burdens in attacking the judgment. *General Elec. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex.1991). We also acknowledge our earlier holding that the law should encourage, not frustrate, reasonable steps to correct routine administrative errors that inevitably occur even in the most well-managed courts. *Hardtke, Inc. v. Katz*, 813 S.W.2d 548, 550 (Tex.App.—Houston [1st Dist.] 1991, no writ).

However, unlike in *Hardtke, Inc. v. Katz*, the propriety of the dismissal for want of prosecution is not the issue before us. The only issue before us is whether the trial court erred in granting summary judgment on the bill of review. We cannot consider the trial court's dismissal of the underlying suit for want of prosecution unless Levit was entitled to challenge that dismissal by way of bill of review. *See Blum v. Mott*, 664 S.W.2d 741, 743 (Tex. App.—Houston [1st Dist.] 1983, no writ). In reviewing the summary judgment, we consider the record in a light most favorable to the nonmovant. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). We indulge every reasonable inference and resolve any doubt in the nonmovant's favor.

A bill of review is an independent action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to motion for new trial. *Ortega v. First Republic-Bank Fort Worth, N.A.*, 792 S.W.2d 452, 453 (Tex.1990); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). It is an equitable proceeding designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). The bill of review plaintiff must show "sufficient cause" for relief under rule 329b(f) of the Texas Rules of Civil Procedure.[5] *Id.* The fact that an injustice occurred is not sufficient to justify relief by bill of review. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Relief by equitable bill of review is available only if a party has exercised due diligence to pursue all adequate legal remedies against a former judgment, and through no fault of his own,

---

4. The court's docket sheet for that date contains the following entry: "Oral Hearing Re: Plaintiff's motion filed after dismissal. Court finds it has no jurisdiction. TDL. Appeared Atty Frank T. Ivy and Atty Nicholas S. Bressi standing in for Richard Forrest. TDL." (The initials are those of the trial judge.)

5. Rule 329b(f) provides in relevant part that "on expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause...." Tex.R.Civ.P. 329b(f); *see Baker*, 582 S.W.2d at 406. The rules do not define "sufficient cause," but Texas courts have enunciated several requirements that must be met in order to be successful upon a bill of review. *Baker*, 582 S.W.2d at 406. Ordinarily, the complainant must allege and prove a meritorious defense to the underlying cause of action that he was prevented from making by the fraud, accident, or wrongful act of his opponent unmixed with any fault or negligence of his own. *Baker*, 582 S.W.2d at 406–407; *French*, 424 S.W.2d at 895. However, to the extent that the complainant has been injured by reliance on erroneous information by an official court functionary, he is excused from showing the wrongful conduct, fraud, or accident of the opposing party. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987); *Baker*, 582 S.W.2d at 407. Here, the failure of the court to give Levit notice of the intent to dismiss and of the dismissal triggers this "official error" exception. Moreover, the meritorious defense requirement is also excused because the judgment was rendered without proper notice. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988).

no adequate legal remedy was available. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989).

■ The primary issue then is whether Levit had an adequate legal remedy that he failed to pursue, specifically, a motion for reinstatement. *See Blum,* 664 S.W.2d at 743. The summary judgment was granted because the trial court ruled that Levit had such a remedy, but failed to pursue it. "Adequate remedy at law" means a remedy that is plain and complete and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity. *Id.* at 743–44. For this determination, we must examine certain provisions of rule 165a and rule 306a.

### RULE 165a. DISMISSAL FOR WANT OF PROSECUTION

**1. Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record.... *Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.*

**3. Reinstatement.** *A motion to reinstate* shall set forth the grounds therefor and be verified by the movant or his attorney. It *shall be filed* with the clerk *within 30 days* after the order of dismissal is signed *or within the period provided by Rule 306a* ....

*The court shall reinstate the case* upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained....

If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

**4. Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases.

### RULE 306a. PERIODS TO RUN FROM SIGNING OF JUDGMENT

**1. Beginning of Periods.** The date of [sic] judgment or order is signed as shown of record shall determine the **beginning** of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including, but not limited to ... motions to reinstate a case dismissed for want of prosecution....

**3. Notice of Judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply ... shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

**4. No Notice of Judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of the rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, *but in no event shall such periods BEGIN more than ninety days after the original judgment or other appealable order was signed.*

Tex.R.Civ.P. 165a, 306a (emphasis added).

When read together, these rules provide that the 30–day period for filing a motion

to reinstate after dismissal for want of prosecution shall *begin to run* no later than 90 days after the order of dismissal was signed. Therefore, at least five courts of appeals have held that the maximum time allowed for the timely filing of a motion to reinstate is 120 days after the judgment of dismissal is signed. The effect of rules 165a and 306a is explained in detail in *Looney v. Gibraltar Sav. Ass'n*, 695 S.W.2d 336, 340 (Tex.App.—Amarillo 1985, no writ); *accord Pope v. Moore*, 729 S.W.2d 125, 127–28 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *see also Aetna Casualty and Sur. Co. v. Harris*, 682 S.W.2d 670, 671 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding); *Western Import Motors, Inc. v. Mechinus*, 739 S.W.2d 125, 126 (Tex. App.—San Antonio 1987, no writ). When he learned of the dismissal 91 days after it had been signed, Levit still had 29 days to file the appropriate motion. *American Gen. Fire & Casualty Co. v. Schattman*, 761 S.W.2d 582, 584, 587 (Tex.App.—Fort Worth 1988, orig. proceeding). This remedy was adequate under these circumstances. *See Hicks v. Armstrong*, 708 S.W.2d 890, 891–92 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

In *Blum v. Mott*, 664 S.W.2d 741, we held that an equitable bill of review was a proper remedy because fraud claims could not be raised in the only available legal proceeding, a suit to change child custody. *Id.* at 744. In contrast, Levit has not shown that a motion to reinstate could not have provided him the relief he sought or that it would have been doomed to failure and therefore futile. Instead, the remedy Levit sought by equitable bill of review, reinstatement of his suit against Adams, was the precise legal remedy provided by rule 165a(3). Nor is this case like *Hardtke*, which was a direct appeal from an order dismissing for lack of jurisdiction,[6] not an equitable bill of review. Moreover, the dismissal there was not discovered in time for the plaintiff to act. 813 S.W.2d at 550 n. 2.

Here, Levit had 29 days to move for reinstatement after discovering the dismissal.

Levit argues on appeal that he should not have been required to file his motion within 29 days of August 3, 1990, because it was only after that period had elapsed that he located documents proving the clerk had erroneously sent the notice to MacInnis, the former lawyer. We disagree. Levit's counsel could have moved to reinstate and proved lack of notice by his own testimony. Levit correctly argues that the trial judge might not have believed his testimony and denied the motion, thus creating a res judicata bar to relitigating the same facts on the bill of review. *See Davis v. Laredo Diesel*, 611 S.W.2d 943, 947 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.); *Mayad v. Rizk*, 554 S.W.2d 835, 838 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the trial judge may have believed Ivy's testimony and reinstated the case. Even if the trial judge had denied reinstatement, she would have had plenary power to reconsider her ruling for an additional 30 days after the denial. Tex.R.Civ.P. 165a(3). During that time, Levit could have presented the notices he discovered on September 7, 1990, thus conclusively proving the clerk had mailed the notices to the wrong attorney. That evidence would have provided the trial judge another opportunity to reinstate. If she had refused, that decision could have been reviewed on appeal under the standard in rule 165a(3), which is favorable to appellant. However, because Levit bypassed these legal remedies, the trial judge was never given these options.

Levit cites *Clements v. Barnes*, 834 S.W.2d 45 (Tex.1992), an appeal by writ of error from a default judgment. In footnote two, the opinion states that a special appearance filed 118 days after the default judgment was outside the trial court's period of plenary power, under rule 306a(4). No discussion or citation follows, except the observation that relief was proper by

---

6. In *Hardtke*, neither party had notice the trial judge had dismissed the case for want of prosecution on March 11, 1987 or that he had reinstated it on March 12, 1987. 813 S.W.2d at 550 n. 2. When Katz discovered that fact many

months later, he moved to dismiss for lack of jurisdiction. The trial judge granted the motion, and Charles L. Hardtke, Inc. took a direct appeal of that order.

writ of error, under TEX.R.APP.P. 45. Based on this, Levit argues his time to move for reinstatement expired on the 90th day, and thus, he had no adequate remedy at law. We disagree.

The court of appeals opinion in *Clements v. Barnes* [7] does not cite rule 306a, and the supreme court opinion does not cite rule 306a, except in passing. Neither opinion discusses how long a party has in the trial court to attack a dismissal for want of prosecution. The supreme court's holding in *Clements,* that a federal court bankruptcy trustee enjoys judicial immunity when sued in her official capacity, has nothing to do with rule 306a or with any issue before us. Unlike the present case, *Clements* did not involve either an equitable bill of review or a dismissal for want of prosecution. Finally, the *Clements* opinion did not mention, much less overrule, any contrary cases from any courts of appeals, including those we have cited. We doubt that the supreme court intended to overrule contrary authority from at least five different courts of appeals without more discussion than that.

We deplore the errors by the clerk of the 280th District Court that caused and exacerbated this situation. Vitally important notices were repeatedly sent to a withdrawn attorney and then apparently misfiled, which made it harder for Levit to discover why he had not received notice. Nevertheless, we cannot escape the fact that Levit did discover the dismissal at a time when the law gave him 29 days to move for reinstatement, and he did not do so. Under these circumstances, we reluctantly conclude that equitable relief is not available because he had an adequate remedy at law.

Accordingly, we hold that because Levit had an adequate remedy at law, he could not proceed by equitable bill of review. The summary judgment was, therefore, proper. We overrule Levit's first four points of error.

■ In his fifth and sixth points of error, Levit attacks the form of the summary judgment. Within the judgment itself, the trial court takes judicial notice of the events of the August 3, 1990, hearing at which Levit first learned of the dismissal.[8] As we have stated, the parties do not agree what happened then and the hearing was not recorded.

Rule 201 of the Texas Rules of Civil Evidence provides in relevant part:

**(b) Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by re-

---

7. *Clements v. Barnes,* 822 S.W.2d 658 (Tex. App.—Corpus Christi 1991), *rev.,* 834 S.W.2d 45 (Tex.1992).

8. The following narrative is contained in the summary judgment: "The Court recalls and takes judicial notice of the following: On August 3, 1990, Attorney Frank Ivy and Attorney Nick Bressi (as expressed in the Court's own notes on a docket computer print-out of 8–3–91) [sic] appeared for an oral hearing on Ivy's client's Motion for Protective Order. The matter did not appear on the computer print-out, because the case had been dismissed for want of prosecution on 5–4–90. The Court informed Ivy that the matter had been dismissed, and the Court had no jurisdiction to consider the Motion for Protection. Ivy protested that he did not receive notice of the dismissal, so the Court called the Clerk and asked whether the court had proof of notice to Ivy. The clerk informed the Court that Ivy would not have gotten notice, because he was not listed as attorney of record in the computer. The Court told Ivy that he was not attorney of record and expressed doubt that he was entitled to notice. Thereupon, Ivy found in the Court's file the appropriate notice of appearance to prove his entitlement to notice. The Court acknowledged that a mistake appeared to have been made by the Clerk in not changing the records to reflect Plaintiff's counsel. The Court acknowledged that Ivy could not possibly have received notice—not having been listed in the records. The court observed to counsel that the Court still had no jurisdiction to act without an appropriate post-dismissal motion, refused to rule on the motion for protective order, and suggested that counsel file what he needed to file. The Court is at a loss to figure out why counsel went through the long alleged search of the records, when the Court was already well aware of, and had acknowledged the lack of notice of dismissal. The only question that was initially in dispute on 8–3–90 was whether Ivy had taken the correct steps to be entitled to notice—and he proved to the Court that he had."

sort to sources whose accuracy cannot reasonably be questioned.

 Some facts may be judicially noticed because they are notorious and indisputable. *Harper v. Killion,* 162 Tex. 481, 348 S.W.2d 521, 522 (1961). Others may be judicially noticed because they are well known and easily ascertainable. *Barber v. Intercoast Jobbers & Brokers,* 417 S.W.2d 154, 158 (Tex.1967). However, personal knowledge is not judicial knowledge. The proper test is whether the fact to be judicially noticed is "verifiably certain." *Eagle Trucking Co. v. Texas Bitulithic Co.,* 612 S.W.2d 503, 506 (Tex.1981). Under this test, a judge may personally know a fact of which she may not properly take judicial notice. *Id.*

Under rule 201(b) and under the rule in *Eagle Trucking,* the trial judge could not judicially notice facts that were disputed by the parties. To the extent that the judicially-noticed facts might be considered findings of fact, we agree with Levit that findings of fact and conclusions of law have no place in a summary judgment. *Fulton v. Duhaime,* 525 S.W.2d 62, 64 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Consequently, we do not consider those "facts" in this proceeding. Because we affirm the judgment on other grounds, any error the trial judge made in taking judicial notice or in attempting to make findings of fact is harmless. Tex.R.App.P. 81(b)(1). We overrule points of error five and six.

The judgment is affirmed.

DUGGAN, J., dissents.

DUGGAN, Justice, dissenting.

I respectfully dissent. In the interest of justice, I would reverse and remand with orders to reinstate this case.

It was unchallenged that appellant's case was dismissed through no fault of his own. In fact, the dismissal was the result of a series of errors on the part of the trial court. Specifically, the trial court (1) granted a motion by appellant's first attorney to withdraw from the case, (2) failed to record the withdrawal, (3) failed to record the properly filed designation of appellant's new counsel, (4) sent notice of intention to dismiss for want of prosecution to the wrong attorney, and then (5) lost the dismissal notices, which had been returned to the court as "undeliverable." These notices established appellant's claim under Tex.R.Civ.P. 165a(3) that his failure to appear at the hearing on the dismissal was not the result of his conscious indifference, but was due to the trial court's mistake. Appellant's counsel made diligent, even frantic, efforts to obtain the proof he considered necessary to support reinstatement, but the trial court's clerk did not locate these notices until September 7, 1990, after the time for filing a motion to reinstate had passed.

I believe the majority is correct in its conclusion that the combined effect of Tex. R.Civ.P. 165a and Tex.R.Civ.P. 306a is to grant a litigant up to 120 days to act in a case where notice of a dismissal is not timely received.[1] However, the rule has given rise to considerable confusion and

---

1. Appellant acknowledges that interpretation as well, but relies on *Hale v. Mothershed,* 715 S.W.2d 134 (Tex.App.—Texarkana 1986, no writ), for the contrary proposition, that the time for him to file a motion to reinstate expired after only 90 days. The *Hale* court considered an appellant's failure to comply with the requirement of rule 306a(5). Rule 306a(5) requires that in order to establish the application of rule 306a(4) the party adversely affected must prove on sworn motion the date on which he or his attorney first received the notice or acquired actual knowledge of the judgment and that this date was more than 20 days after the judgment was signed. The *Hale* court found this failure to be a jurisdictional defect. The court was not addressing the question before us when it wrote "If the [aggrieved] party receives notice [of the dismissal] after twenty days but within ninety days, the trial court may reinstate the case within thirty days after notice was received." 715 S.W.2d at 134. Nothing in the *Hale* case suggests that the court considered a situation like the one before us where the aggrieved party learns of the dismissal during the 30 day period implicitly provided by rule 306a(1) following the expiration of the 90 day period provided by rule 306a(4). Further, the *Hale* case has been criticized for its observations concerning rules 165a and 306a. *See Pope v. Moore,* 729 S.W.2d 125, 128 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

should be clarified. *See Clements v. Barnes*, 834 S.W.2d 45, 46 n. 2 (Tex.1992).

Furthermore, in *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942 (Tex.1991), the supreme court stated that a party suffering an adverse judgment rendered without notice may not, consistent with concepts of due process, be hampered with undue burdens in attacking the judgment. *Id. at 944*, citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). Although those cases dealt with unfair burdens imposed by the rules of procedure, I see no distinction between a situation where the rules of court unfairly handicap a litigant and a situation where some action by the court creates an unfair handicap.

To my way of thinking, the trial court's repeated errors in this case constituted an undue burden that fatally hampered appellant's ability to challenge the dismissal of his case within the 120–day period. Appellant was prevented from appearing at the hearing on the court's intention to dismiss for want of prosecution by the court's failure to notify him. Then, when the case was dismissed, he was deprived of timely notice of the dismissal, again because of the court's error. Finally, his challenge of that dismissal was delayed beyond the period allowed by the rules because of the clerk's failure to locate information that should have been readily available in the court's file.

In *Hardtke v. Katz*, this Court held that the law should encourage, not frustrate, reasonable steps to correct administrative errors such as occurred in this case. *Hardtke v. Katz*, 813 S.W.2d 548, 550 (Tex. App.—Houston [1st Dist.] 1991, no writ). I would hold that under the circumstances of this case, the undue burden imposed by the trial court's errors unfairly hampered appellant's attempts to challenge the dismiss-

al. The dismissal, therefore, should be set aside and the case should be reinstated.

## DISSENTING OPINION FOLLOWING OVERRULING OF MOTION FOR HEARING EN BANC

MIRABAL, Justice, dissenting.

I respectfully dissent from the opinion of the three-judge panel that was assigned to this case.[1]

I disagree with my colleagues' construction of TEX.R.CIV.P. 306a(4). Although the Texas Supreme Court has not directly ruled on the issue before us, it has indicated that the construction of rule 306a(4) set forth in this dissenting opinion is the correct construction.[2]

Rule 306a(1) and (4) provides:

**1. Beginning of Periods.** The date [the] judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including, but not limited to ... motions to reinstate a case dismissed for want of prosecution....

**4. No Notice of Judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, *but in no event shall such periods begin more than ninety days*

---

1. In accordance with TEX.R.APP.P. 79(e) and 90(e), a request was made for an en banc consideration of the case. The request was denied by a majority of the en banc court. I dissent from that vote and from the opinion in the case.

2. *Clements v. Barnes*, 834 S.W.2d 45, 46 n. 2 (Tex.1992); *see also Davis v. Boone*, 786 S.W.2d 85, 87 n. 2 (Tex.App.—San Antonio 1990, no writ).

*after the original judgment or other appealable order was signed.*

Tex.R.Civ.P. 306a (emphasis added).

In the present case, it is uncontested that appellant George Levit did not learn of the dismissal of his suit until *91* days after the judgment of dismissal was signed. Therefore, in my opinion, the trial court's plenary power had lapsed, and it could not be restarted subsequent to the *90th* day after the order of dismissal was signed. My reasoning is as follows:

A trial court has plenary power to grant a new trial or to vacate its judgment for *30* days after the judgment is signed. Tex. R.Civ.P. 329b(d). If no motion for new trial, or motion to reinstate, or similar motion, is filed within 30 days after the judgment is signed, the judgment becomes *final,* and the trial court loses jurisdiction over the case. Tex.R.Civ.P. 329b(a), (d), (f).

However, if a party adversely affected by the judgment does not learn of the judgment within 20 days of the signing of the judgment, the *beginning date* for the trial court's 30 days of plenary power (or for the filing of a motion for new trial or similar motion that would further extend the trial court's jurisdiction) is not the date the judgment was signed, but rather is the date the party learned of the judgment. Tex.R.Civ.P. 306a(4); Tex.R.App.P. 5(b)(4). There is a cut-off date, however, for the restart of jurisdiction: *in no event* can such 30-day extra jurisdiction period *start* if more than 90 days has passed since the date the judgment was signed. Tex. R.Civ.P. 306a(4); Tex.R.App.P. 5(b)(4).

Because the trial court lost plenary jurisdiction when no motion to reinstate was filed within 30 days of the judgment, the judge *could not* regain jurisdiction over the judgment since Levit did not learn of the judgment within 90 days of the date it was signed. As I read the rules, 90 days is the absolute cut-off for the start of any additional jurisdiction period.

I would hold appellant Levit did not have the option of obtaining a ruling on a motion to reinstate, because the trial court had lost jurisdiction over the case. Therefore, it was proper for appellant to proceed by equitable bill of review, because he had no adequate remedy at law. I would reverse the summary judgment.