

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00132-CV

———————————————————

SAMANTHA P. BLAIR, Appellant

V.

VICTORIA HUTCHISON, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-006884-1

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Samantha P. Blair attempts to appeal from the trial court's "Order Granting Motion for Reinstatement." *See* Tex. R. Civ. P. 165a(3).

We have jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, an order does not dispose of all pending parties and claims, the order is interlocutory, and unless a statutory exception applies, the order is unappealable until the trial court signs a final judgment. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Lehmann*, 39 S.W.3d at 195; *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). "No statute permits an appeal of an interlocutory order granting a motion to reinstate under Rule 165a(3)." *Marvin v. Schneider*, No. 14-20-00338-CV, 2020 WL 5552809, at *1 (Tex. App.—Houston [14th Dist.] Sept. 17, 2020, no pet.) (per curiam) (mem. op.); *see Hale v. Mothershed*, 715 S.W.2d 134, 135 (Tex. App.—Texarkana 1986, no writ).

We notified Blair of our concern that we lacked jurisdiction over this appeal because the order did not appear to be a final judgment or appealable order. We informed her that unless she or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.

Because the trial court's "Order Granting Motion for Reinstatement" is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 24, 2021

---

[1]Blair might be able to challenge the reinstatement order through other avenues. *See, e.g.*, *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *Mem'l Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365–66 (Tex. 1987); *In re Gen. Motors Corp.*, 296 S.W.3d 813, 829–30 (Tex. App.—Austin 2009, orig. proceeding); *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *cf. Ingram v. Ingram*, No. 02-14-00063-CV, 2014 WL 1510049, at *1 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (per curiam) (mem. op.).