William J. Boyce, Justice
Relator Jack H. Merino asks this court to issue a writ of mandamus compelling the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his August 11, 2017 order granting Ivory Carter Enterprises, Inc.'s motion for new trial. See Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2017); Tex. R. App. P. 52. We conditionally grant the petition for writ of mandamus because the challenged order is void.
I. BACKGROUND
Merino purchased a house located at 4206 Rose Street, Houston, Texas. Relator hired 1st Call Inspection Services, PLLC to inspect the property. 1st Call Inspection Services issued a report that identified no defects in the property. Property owner Jerry M. Gibbs represented to Merino that the property had undergone repairs by Ivory Carter Enterprises, Inc. A year after Merino closed on the purchase of the property, defects with the house became apparent.
Merino sued Ivory Carter, 1st Call Inspection Services, and Gibbs on November 8, 2016. Ivory Carter was never served with the original petition. The affidavit of attempted service shows that Merino's unsuccessful *747 attempts to serve Ivory Carter's registered agent with the original petition were made on November 16, 17, and 19, 2016.
Merino filed his first amended petition on December 7, 2016. The record shows that service of process was effected on Ivory Carter on December 30, 2016, by serving the Texas Secretary of State with the first amended petition. Ivory Carter did not answer the first amended petition.
Merino added a claim for violations of the Texas Deceptive Trade Practices Act ("DTPA") against Ivory Carter in his second amended petition, filed on January 20, 2017. There is no evidence in the mandamus record such as a return of service or statement that no process returned to show that Merino attempted to serve the Secretary of State or Ivory Carter's registered agent with the second amended petition.
On January 24, 2017, Merino filed a motion for entry of default judgment against Ivory Carter and a motion to sever the judgment against Ivory Carter from the remainder of the suit against Gibbs and 1st Call Inspection Services. Merino obtained a default judgment against Ivory Carter on February 28, 2017. The trial court awarded Merino actual damages in the amount of $49,691. It also awarded $149,073 as treble damages for Merino's DTPA claims; pre- and post-judgment interest; attorney's fees; and costs. The trial court included language in the judgment severing the judgment against Ivory Carter and assigning it a new cause number.
On June 26, 2017, Ivory Carter filed a motion for new trial. In a supporting affidavit, Gregory Carter, Chief Executive Officer of Ivory Carter, attested that he received notice of the lawsuit on June 19, 2017, when counsel for 1st Call Inspection Services informed him that a default judgment had been entered against Ivory Carter. On August 11, 2017, the trial court held a hearing on Ivory Carter's motion for new trial and signed the order granting the motion.
In this original proceeding, Merino asks this court to compel the trial court to set aside the August 11, 2017 order granting Ivory Carter's motion for trial as void because the trial court's plenary power already had expired when it signed the order.
II. MANDAMUS STANDARD OF REVIEW
Generally, to be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. In re Nat'l Lloyds Ins. Co. , 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion when it signs an order after its plenary power expires. In re Sw. Bell Tel. Co. , 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). An order in which the trial court purports to grant a motion for new trial after its plenary power has expired is void. See In re Brookshire Grocery Co. , 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding). It is not necessary for a relator to establish that he does not have an adequate remedy by appeal when the challenged order is void. Sw. Bell Tel. Co., 35 S.W.3d at 605.
III. ANALYSIS
Merino argues that the August 2017 order is void because Ivory Carter did not timely file its motion for new trial and the trial court did not have plenary power to grant a new trial. Ivory Carter asserts that the trial court had jurisdiction to grant a new trial because the default judgment is void due to the failure to serve Ivory Carter with the lawsuit and the void *748 judgment can be collaterally attacked at any time.
A. Expiration of the Trial Court's Plenary Power over the Default Judgment
A judgment is void and subject to collateral attack if there was "a complete failure or lack of service" that violates due process. See PNS Stores, Inc. v. Rivera , 379 S.W.3d 267, 273-74 (Tex. 2012) ; In re E.R. , 385 S.W.3d 552, 566 (Tex. 2012). A litigant may attack a void judgment either directly or collaterally. PNS Stores, Inc. , 379 S.W.3d at 271. A direct attack-such as an appeal, a motion for new trial, or a bill of review-attempts to correct, amend, modify, or vacate a judgment and must be brought within a certain time period after the judgment's rendition. Id. A collateral attack seeks to avoid the binding effect of a judgment to obtain specific relief that the judgment currently impedes. Id. at 272. A party may collaterally attack a void judgment at any time, even after time within which to file a direct attack has expired. See ids="7118797" index="10" url="https://cite.case.law/sw3d/379/267/#p273">id. ; see also In re Martinez, 478 S.W.3d 123, 126 (Tex. App.-Houston [14th Dist.] 2015, orig. proceeding) (concluding that even after the apparent expiration of plenary power over a judgment, a trial court still may sign an order declaring its prior judgment in the case to be void because the trial court lacked subject-matter jurisdiction to render the judgment).
Absent a timely-filed motion for a new trial, or a motion to modify, correct or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d) ; In re Lynd Co. , 195 S.W.3d 682, 684 (Tex. 2006) (orig. proceeding). When the final judgment or another appealable order is signed, the clerk of the trial court shall immediately give notice to the parties or their attorneys of record that the judgment or order was signed. Tex. R. Civ. P. 306a(3). If within twenty days after the final judgment or other appealable order is signed, a party adversely affected by it or the party's attorney has neither received the notice required by Rule 306a(3) nor acquired actual knowledge of the judgment or order, then with respect to that party, Rule 306a(4) provides that the period under Rule 329b during which the trial court has plenary power over its final judgment begins on the date that such party or the party's attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4). The Supreme Court of Texas has held that the exception under Rule 306a(4) does not apply if the party and the party's attorney do not receive the notice required by Rule 306a(3) or acquire actual knowledge of the judgment or order within ninety days after the trial court signed the judgment or order. See Levit v. Adams , 850 S.W.2d 469, 469-70 (Tex. 1993) (per curiam).
In his affidavit submitted in support of the motion for new trial, Gregory Carter stated that he first received notice of the default judgment on June 19, 2017-111 days after the default judgment was signed on February 28, 2017. Carter also testified that Ivory Carter did not receive notice of Merino's claims in this lawsuit until June 19, 2017. Presuming that Ivory Carter sufficiently proved that Ivory Carter and any attorney did not receive the notice required by Rule 306a(3) and did not acquire actual knowledge of the default judgment until June 19, 2017, under binding precedent from the Supreme Court of Texas, Rule 306a(4) cannot extend a trial court's plenary power when a party first *749 has notice or knowledge of a final judgment more than ninety days after it was signed. Lynd Co. , 195 S.W.3d at 684 n.2 ; Levit , 850 S.W.2d at 469-70. Therefore, Rule 306a(4) did not operate to extend the applicable deadline and Ivory Carter did not timely file a motion for new trial. See Tex. R. Civ. P. 329b(a) ; Lynd Co. , 195 S.W.3d at 684 n.2.; Levit , 850 S.W.2d at 469-70. Because the default judgment was severed and became final on February 28, 2017, the trial court's plenary power expired on March 30, 2017. Tex. R. Civ. P. 329b(d). The trial court's plenary power to grant a new trial or to modify, correct, or reform the judgment having expired, the motion for new trial filed on June 26, 2017 was untimely, and the order granting the motion for new trial, signed August 11, 2017, is void. See Brookshire Grocery Co. , 250 S.W.3d at 72.
B. Direct Attack on the Default Judgment
Ivory Carter contends that, although its motion was entitled, "Motion for New Trial," it was substantively a collateral attack on the default judgment because there was no explicit request that the trial court correct, amend, modify, or vacate the judgment, but rather it requested a new trial based on a void judgment. Ivory Carter asks this court to treat the motion for new trial as a collateral attack. See In re V.M.I. , No. 01-02-00687-CV, 2003 WL 1091901, at *3 (Tex. App.-Houston [1st Dist.] Mar. 13, 2003, no pet.) (observing that the appellee's motion to set aside the judgment had aspects of both a direct attack and a collateral attack, and ultimately reviewing it under the standard applicable to collateral attacks).
We give effect to the substance of Ivory Carter's motion rather than its title or form. See State Bar of Tex. v. Heard , 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding). Ivory Carter called its motion a "Motion for New Trial." At no point in the twelve-page motion did Ivory Carter state it was asserting a collateral attack, refer to a collateral attack, or cite a case involving a collateral attack. There is no deadline to file a collateral attack. In the motion, Ivory Carter argued that the motion was timely filed because the trial court's plenary power was extended under Rule 306a(4). In the alternative, Ivory Carter argued that, even if its motion was untimely, the trial court still had plenary power and could grant a new trial under the court's inherent authority based on the grounds stated in the untimely motion. Ivory Carter noted that trial courts have significant discretion in granting new trials. Ivory Carter argued that the trial court erred in granting the default judgment. In the course of doing so, Ivory Carter stated that a judgment rendered against a party who had not been served with process, waived service of process, or appeared is void. But, a motion for new trial can be granted based on a void judgment, and Ivory Carter did not indicate in its motion that it was asserting a collateral attack in addition to a motion for new trial. The substance of the motion did not include any collateral attack on the default judgment. See ids="9955267" index="21" url="https://cite.case.law/sw2d/603/829/#p833">id.
In its order granting the motion, the trial court did not say that it was granting a collateral attack or that it was declaring the default judgment void. Instead, the trial court simply stated that it granted Ivory Carter's Motion for New Trial. Thus, we conclude that Ivory Carter did not assert a collateral attack on the default judgment and that the trial court did not grant a collateral attack on the judgment. See ids="9955267" index="22" url="https://cite.case.law/sw2d/603/829/#p833">id.
IV. CONCLUSION
In summary, because Ivory Carter did not timely file its motion for new trial, the *750 trial court did not have plenary power to grant the motion. Therefore, the trial court abused its discretion by granting Ivory Carter's motion for new trial and the order is void.
Because the order granting the motion for new trial is void, it is not necessary for Merino to establish that he lacks an adequate remedy by appeal. See Sw. Bell Tel. Co. , 35 S.W.3d at 605 (holding that the relator need not show that it did not have an adequate remedy by appeal because the complained-of order was void).
Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its August 11, 2017 order granting Ivory Carter's motion for new trial. The writ will issue only if the trial court fails to act in accordance with this opinion. We also lift our stay entered on November 9, 2017.
( Frost, C.J., concurring).
Kem Thompson Frost, Chief Justice, concurring.
CONCURRING OPINION
This case highlights an opportunity for the Supreme Court of Texas to eliminate a trap in the procedural rules that has vexed Texas litigants and trial courts for many years. Camouflaged in the text of Texas Rule of Civil Procedure 306a(4), the trap ensnared the real party in interest and the trial court in this mandamus proceeding. Though the high court resolved the procedural question in rule 306a(4) years ago, the court did not change the text of the rule, so even today parties and trial courts fall prey to the rule's word trap.
Texas Rule of Civil Procedure 306a(4) states:
No notice of judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.[1]
The text of this rule lacks clarity as to whether the rule applies to parties who first have knowledge or notice of a judgment more than 90 days after the judgment but within 120 days after the judgment.
The first three intermediate courts of appeals to address this issue concluded that rule 306a(4) applies to these parties.[2] Under this interpretation of the rule, if a party first has notice or knowledge of the judgment more than 20 days after the judgment and within 90 days, then the time periods begin on the date that the party first has notice or knowledge of the judgment.[3] If a party first has notice or knowledge of the judgment more than 90 days after the judgment, the time periods begin running on the ninetieth day.[4] In *751 1993, in Levit v. Adams , the Supreme Court of Texas disapproved of these cases, holding instead that rule 306a(4) does not apply to these parties and that the rule applies only to parties who first have knowledge or notice of a judgment more than 20 days after the judgment but within 90 days after the judgment.[5] Thus, rule 306a(4) does not toll any time period as to a party who first has notice or knowledge of the judgment more than 90 days after the judgment, and these parties have no ability to file a timely motion for new trial.[6]
The high court reaffirmed the Levit holding in 2006.[7] Though the legal controversy is gone, the rule's problematic language is not.[8]
In the 24 years since the Levit court's opinion, the Supreme Court of Texas has not changed the text of rule 306a(4). Even though the supreme court officially settled the controversy two decades ago, the rule book still contains the text that spawned the confusion. So, parties and courts, with rule books in hand, continue to spend time and resources struggling over the correct interpretation of rule 306a(4).[9]
Litigants and courts would benefit from a clearer statement in rule 306a(4). Some who read the text of the rule conclude that the rule's wording is clear and that the rule applies to a party who first has notice or knowledge of the judgment more than 90 days after the judgment and within 120 days after the judgment. If these readers were to put down their rule books and go on to do legal research, they likely would find the Levit case and learn the correct interpretation under Texas law. But, as a practical matter, many rely on the rule's text alone. Those who do tend to fall into the trap.
Although parties are presumed to know the law, those who defy this legal fiction and go no further than what they believe is unambiguous text might plunge into the gap between their interpretation and rule 306a(4) 's Levit meaning. In today's case, the record reflects Ivory Carter and its counsel concluded that rule 306a(4) applied to Ivory Carter even though Ivory Carter first had notice or knowledge of the judgment 111 days after the judgment. Ivory Carter filed its motion for new trial asserting that the motion was timely under rule 306a(4), and the respondent trial judge agreed and granted the motion for new trial.
In cases in which the trial court lacked subject-matter jurisdiction or there was a complete lack of service of process that violated due process, the party should have recourse to an equitable bill of review or a collateral attack on the judgment. Yet, sometimes due to a party's or counsel's confusion over rule 306a(4) 's meaning-or a trial judge's incorrect interpretation of rule 306a(4) 's text-a party may not file a restricted appeal within six months after the judgment, and in some cases a restricted *752 appeal may be the party's only effective remedy.
The best way to protect parties' rights to appeal is to revise rule 306a(4) to state clearly that the rule applies only to parties who first have knowledge or notice of a judgment more than 20 days after the judgment but within 90 days after the judgment. This revision would ensure that parties do not lose their rights to appeal because they (or their counsel) unwittingly interpret rule 306a(4) as expanding the timetables to file post-judgment motions in circumstances in which the party first had knowledge or notice of a judgment more than 90 days after the judgment but within 120 days of the judgment.
Courts and practitioners (and pro se litigants) ought to be able to pick up a rule book and glean the meaning of a rule from the text alone. Yet, unless the high court revises rule 306a(4) to make the text clearer, trial courts and litigants will need both a rule book and legal research to avoid falling into the trap. The lack of clarity costs litigants time and money, and, in some cases, appellate rights.[10] Making the rule's text reflect the court-given interpretation would make our courts more user-friendly, an important goal given today's growing numbers of pro se litigants who must navigate the justice system without the benefit of legal training.
In sum, the easy fix for the problem that spurred today's mandamus proceeding is to amend rule 306a(4) so that it clearly reflects Levit's meaning. Doing so would remove the ambiguity that trapped both the real party in interest and the trial judge in today's case and prevent others from making the same costly mistake.
The majority correctly applies the high court's binding precedent in this case, and I join fully in the majority's opinion and the court's judgment.

Tex. R. Civ. P. 306a(4).

See Levit v. Adams , 850 S.W.2d 469, 470 (Tex. 1993) (per curiam).

See Levit v. Adams , 841 S.W.2d 478, 482-83 (Tex. App.-Houston [1st Dist.] 1992), rev'd , 850 S.W.2d 469 (Tex. 1993) ; Pope v. Moore , 729 S.W.2d 125, 127-28 (Tex. App.-Dallas 1987, writ ref'd n.r.e.) ; Looney v. Gibraltar Savings Ass'n , 695 S.W.2d 336, 340 (Tex. App.-Amarillo 1985, no writ).

See Levit , 841 S.W.2d at 482-83 ; Pope , 729 S.W.2d at 127-28 ; Looney , 695 S.W.2d at 340.

See Levit , 850 S.W.2d at 469-70.

See Tex. R. Civ. P. 329b ; Levit , 850 S.W.2d at 469-70.

See In re Lynd Co. , 195 S.W.3d 682, 684 n.2 (Tex. 2006).

See Tex. R. Civ. P. 306a(4).

See, e.g., Nawar v. Thompson , No. 04-17-00217-CV, 2017 WL 3270342, at *1 (Tex. App.-San Antonio Aug. 2, 2017, no pet.) (mem. op.); In re Integras Capital Recovery LLC , No. 05-15-00362-CV, 2015 WL 1730200, at *2 (Tex. App.-Dallas Apr. 15, 2015, orig. proceeding) (mem. op.); In re Estate of Hardie. No. 04-14-00786-CV, 2015 WL 1393392, at *1 (Tex. App.-Dallas Mar. 25, 2015, no pet.) (mem. op.); Molina v. Moreno , No. 13-14-00416-CV, 2014 WL 6602412, at *3 (Tex. App.-Corpus Christi Nov. 20, 2014, no pet.) (mem. op.).

Amendments to the rules, and the "confusing nature" of the rules governing post-judgment motions and trial and appellate timetables have led at least one law professor to urge the Supreme Court of Texas to reorganize and simplify the post-judgment-motions section of the Texas Rules of Civil Procedure. See William V. Dorsaneo, III, History of Texas Civil Procedure , 65 Baylor L. Rev . 713, 792 (2013).