NUMBER 13-18-00627-CV

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG

 IN RE MATIAS PEÑA JR. D/B/A PEÑA FARMS

 On Petition for Writ of Mandamus.

 MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Benavides and Longoria
 Memorandum Opinion by Chief Justice Contreras

 Relator Matias Peña Jr. d/b/a Peña Farms filed a petition for writ of mandamus in

the above cause on November 13, 2018. Through this original proceeding, relator seeks

to compel the trial court to (1) vacate its November 1, 2018 order granting a motion to

extend postjudgment deadlines, and (2) if applicable, vacate any other orders signed after

the expiration of the trial court’s plenary power.1 We conditionally grant the petition for

writ of mandamus.

 1 This original proceeding arises from trial court cause number CL-17-0721-A, Edson Amaro v.
Dustin W. Cook and Matias Peña, Jr. d/b/a Peña Farms, in the County Court at Law No. 1 of Hidalgo
County, Texas, and the respondent is the Honorable Rodolfo Gonzalez. See TEX. R. APP. P. 52.2.
 I. BACKGROUND

 Edson Amaro filed suit against Dustin W. Cook and relator for personal injuries

arising from a schoolyard shooting. The case was submitted to a jury, which returned a

unanimous verdict in favor of the defense, concluding that the negligence of neither

defendant proximately caused the injuries in question. On June 22, 2018, the trial court

signed a take-nothing final judgment based on the jury’s verdict. The court clerk served

counsel for the parties with the signed judgment. At the time, Amaro was represented by

three attorneys: Raul Medina, Ruben Medina, and John R. Griffith. The final judgment

included a correct e-mail address for only one of Amaro’s attorneys, Griffith. The final

judgment included an incorrect e-mail address for Raul Medina and did not include an

email address for Ruben Medina. The final judgment referenced the court’s charge and

jury verdict as “Exhibit 1” and “incorporated [them] by reference for all purposes,” but the

judgment provided to the parties by the court did not include these attachments.

 On September 20, 2018, Amaro filed a motion to extend postjudgment deadlines

on grounds that Amaro and his counsel did not receive proper notice of the final judgment.

See generally TEX. R. CIV. P. 306a. The motion requested that the trial court designate

September 17, 2018 as the date on which lead counsel received knowledge of the

judgment.

 On October 31, 2018, the trial court held a non-evidentiary hearing on the motion

to extend deadlines. On November 1, 2018, the trial court granted the motion to extend

postjudgment deadlines and ordered that the designated date of the final judgment was

the date of this order.

 This original proceeding ensued. By four issues, relator contends: (1) the trial

court abused its discretion by granting the Rule 306a motion and there is not an adequate

 2
remedy by appeal; (2) the Rule 306a motion did not extend the trial court’s plenary power

in the absence of a verification and prima facie proof of lack of timely notice; (3) the trial

court abused its discretion in granting the Rule 306a motion because its order failed to

comply with Rule 306a; and (4) the trial court abused its discretion by entering a void

order granting a Rule 306a motion outside its plenary power.

 Relator argues, in sum, that Texas Rule of Civil Procedure 306a only extends the

trial court’s plenary power and appellate deadlines when a party strictly complies with the

rule and demonstrates that neither the party nor its counsel received timely notice or had

actual knowledge of an appealable judgment. Relator contends that this did not happen

here because (1) Amaro failed to strictly comply with Rule 306a; (2) Amaro’s counsel

Griffith received notice from the court clerk on June 22, 2018 by email and had actual

knowledge the judgment was entered by June 26, 2018; (3) the court’s order granting

Amaro’s motion fails to comply with the purpose of Rule 306a; and (4) at the latest, all of

Amaro’s attorneys had actual notice of the court’s Final Judgment on September 18,

2018; however, Amaro filed no other postjudgment motions extending the court’s plenary

power and because the court did not hear Amaro’s Rule 306a motion until October 31,

2018, and did not grant it until November 1, 2018, the order granting the motion is void.

 This Court requested but did not receive a response to the petition for writ of

mandamus from Amaro.

 II. STANDARD OF REVIEW

 To obtain relief by writ of mandamus, a relator must establish that an underlying

order is void or a clear abuse of discretion and that no adequate appellate remedy exists.

In re Nationwide Ins. Co. of Am., 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); In

re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding);

 3
Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of

discretion occurs when a trial court’s ruling is arbitrary and unreasonable or is made

without regard for guiding legal principles or supporting evidence. In re Nationwide, 494

S.W.3d at 712; Ford Motor Co. v. Garcia, 363 S.W.3d 573, 578 (Tex. 2012). We

determine the adequacy of an appellate remedy by balancing the benefits of mandamus

review against the detriments. In re Essex Ins. Co., 450 S.W.3d 524, 528 (Tex. 2014)

(orig. proceeding); In re Prudential Ins. Co. of Am., 148 S.W.3d at 136. When an order

is void, the relator need not show the lack of an adequate appellate remedy, and

mandamus relief is appropriate. In re Vaishangi, Inc., 442 S.W.3d 256, 261 (Tex. 2014)

(orig. proceeding); In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig.

proceeding) (per curiam); In re Merino, 542 S.W.3d 745, 747 (Tex. App.—Houston [14th

Dist.] 2018, orig. proceeding).

 III. NOTICE OF JUDGMENT

 Amaro argued that he lacked timely notice that the trial court had signed the

judgment. Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to provide

notice regarding the entry of judgments or appealable orders. See TEX. R. CIV. P. 306a(3).

The rule states, in relevant part:

 When the final judgment or other appealable order is signed, the clerk of
 the court shall immediately give notice to the parties or their attorneys of
 record by first-class mail advising that the judgment or order was signed.
 Failure to comply with the provisions of this rule shall not affect the periods
 mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

Id. Paragraph (1), as referenced in the rule, provides that the deadline for filing

postjudgment motions, such as a motion for new trial or motion to reinstate a case, begins

to run on the date the judgment is signed. See id. R. 306a(1). Paragraph (4) addresses

what happens, as here, when a party does not immediately receive notice of a judgment.

 4
See id. R. 306a(4). It provides that, when more than twenty days have passed between

the date that the trial court signs the judgment or appealable order and the date that a

party receives notice or acquires actual knowledge of the signing, the periods referenced

in paragraph (1) will begin on the earlier of the date the party received notice or acquired

actual knowledge of the signing, but in no event will the period begin more than ninety

days after the judgment was signed. Id.; see TEX. R. APP. P. 4.2(a)(1); Pilot Travel Ctrs.,

LLC v. McCray, 416 S.W.3d 168, 176 (Tex. App.––Dallas 2013, no pet.); see also John

v. Marshall Health Servs., Inc., 58 S.W.3d 738, 740 (Tex. 2001).

 To obtain an extension of postjudgment deadlines under Rule 306a(4), the party

must prove in the trial court, on sworn motion and notice: (1) the date the party received

notice or actual knowledge of the signing; and (2) that this date was more than twenty but

less than ninety-one days after the judgment was signed. See TEX. R. CIV. P. 306a(5);

TEX. R. APP. P. 4.2(a)(1); Estate of Howley v. Haberman, 878 S.W.2d 139, 140 (Tex.

1994); In re J.S., 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); Nathan A.

Watson Co. v. Employers Mut. Cas. Co., 218 S.W.3d 797, 800 (Tex. App.—Fort Worth

2007, no pet.). The purpose of a sworn motion is to establish a prima facie case that the

party lacked timely notice of the judgment to reinvoke a trial court’s jurisdiction for the

limited purpose of conducting an evidentiary hearing to determine the date on which the

party or its counsel first received notice or acquired knowledge of the judgment. In re

Estrada, 492 S.W.3d 42, 50 (Tex. App.—Corpus Christi 2016, orig. proceeding); In re

J.S., 392 S.W.3d at 337; Nathan A. Watson Co., 218 S.W.3d at 800–01; Carrera v. Marsh,

847 S.W.2d 337, 342 (Tex. App.—El Paso 1993, no writ). Compliance with the provisions

of Rule 306a(5) is a jurisdictional prerequisite to extending the time to file postjudgment

 5
motions. Mem’l Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987); In re Estrada, 492

S.W.3d at 50; In re J.S., 392 S.W.3d at 337; Carrera, 847 S.W.2d at 342.

 IV. ANALYSIS

 As stated previously, relator contends generally that the trial court abused its

discretion by granting the Rule 306a motion and that he lacks an adequate remedy by

appeal.2 Relator specifically contends that Amaro’s Rule 306a motion did not extend the

trial court’s plenary power because he failed to file a verified motion with prima facie proof

that he lacked timely notice of the judgment.

 Here, Amaro’s motion to extend postjudgment deadlines was not verified, but was

instead supported by affidavits provided by Amaro, Raul Medina, Ruben Medina, and

John Griffith. Each of the affiants “swore on oath” that the facts in their affidavits were

true. The Texas Supreme Court has held that affidavits of counsel may suffice in the

absence of a proper verification for a Rule 306a motion. See Guest v. Dixon, 195 S.W.3d

687, 688 (Tex. 2006) (per curiam). This holding is based on the appellate doctrine that

we construe rules reasonably but liberally so that appellate decisions turn on substance

rather than procedural technicalities. See id. However, when, as here, a sworn motion

is a requirement to establish jurisdiction, the motion must be “sufficiently verified” to

invoke the trial court’s power to act. City of Laredo v. Schuble, 943 S.W.2d 124, 126

 2 In support of this issue, relator contends that Griffith’s timely receipt of the judgment was sufficient

to defeat the Rule 306a motion. Relator cites no authority in support of his position that notice to one
attorney for a party satisfies the requirements of Rule 306a and our review of the rules suggests otherwise.
See TEX. R. CIV. P. 306a (stating that the clerk “shall immediately give notice to the parties or their attorneys
of record”); id. R. 8 (“All communications from the court or other counsel with respect to a suit shall be sent
to the attorney in charge.”); see, e.g., Cannon v. ICO Tubular Servs., Inc., 905 S.W.2d 380, 388 (Tex.
App.—Houston [1st Dist.] 1995, no writ) (“Rules 165a and 306a specifically require the clerk of the court to
send notice of the court’s intent to dismiss a case for want of prosecution and order of dismissal to each
attorney of record.”), abrogated on other grounds by Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10
S.W.3d 308, 308 (Tex. 2000). Based on the record before the Court, it appears that Raul Medina was the
attorney in charge for this case because his signature first appears on Amaro’s original petition. See TEX.
R. CIV. P. 8. However, given our disposition of the relator’s other arguments, we need not further address
this matter here.
 6
(Tex. App.—San Antonio 1997, no writ); see In re Simpson, 932 S.W.2d 674, 677 (Tex.

App.—Amarillo 1996, orig. proceeding). To meet this requirement, the affidavit or

verification must state directly and unequivocally that the facts alleged are true and within

the personal knowledge of the affiant. See Humphreys v. Caldwell, 888 S.W.2d 469, 470

(Tex. 1994); Burke v. Satterfield, 525 S.W.2d 950, 954–55 (Tex. 1975); In re Simpson,

932 S.W.2d at 677; see also City of Laredo, 943 S.W.2d at 126 n.2.

 Amaro’s affidavit stated that he “first learned and had actual knowledge” of the

judgment on September 19, 2018 when Raul Medina told him it had been signed. Amaro

stated that he had read the motion to extend postjudgment deadlines and “believe[d] it to

be true.”

 Raul Medina’s affidavit stated that he first had actual knowledge of the judgment

on September 18, 2018 when Ruben Medina “advised [him] that he had gone to the online

case docket” and discovered that the judgment had been signed. Raul Medina stated

that he had read the motion and “believe[d] it to be true.”

 Ruben Medina’s affidavit also stated that he first had actual knowledge of the

judgment on September 18, 2018 when he “personally went to the court’s online case

docket and looked up the case and discovered that the Final Judgment had been signed

on June 22, 2018.” He also stated that he had read the motion and “believe[d] it to be

true.”

 Griffith’s affidavit stated that prior to receiving the signed judgment, he and Raul

Medina had discussed the fact that Raul and his nephew, Ruben, would be “determining

whether to file a motion for new trial in conjunction with the client and would handle the

case going forward.” He stated that when he received the signed judgment on June 26,

2018, he “noted that it was forwarded to Raul Medina and did not take any other actions.”

 7
 We agree with relator that the motion failed to constitute prima facie evidence

regarding the date that Amaro and his counsel allegedly received notice of the judgment.

A “prima facie case” has a traditional legal meaning and refers to “evidence sufficient as

a matter of law to establish a given fact if it is not rebutted or contradicted.” In re Lipsky,

460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). It is the “minimum quantum of

evidence necessary to support a rational inference that the allegation of fact is true.” Id.

(quoting In re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 223 (Tex. 2004) (per

curiam)). In accordance with Lipsky, we review the record to determine whether Amaro

provided, for the essential elements of his claims, the “minimum quantum” of

“unambiguous,” “explicit” evidence “necessary to support a rational inference that the

allegation of fact is true.” Id.

 Here, the motion and affidavits contain conflicting statements regarding when

Amaro and his counsel first had notice of the judgment. The motion states that “Raul

Medina first acquired actual knowledge of the signing of the Final Judgment on

September 17, 2018” and requests the trial court to “designate September 17, 2018 as

the new date of Final Judgment, based on [the] date [that he] first acquired knowledge of

the signed Final Judgment.” However, Raul Medina’s affidavit expressly states that he

“first learned and had actual knowledge” of the judgment “on September 18, 2018.” And,

Griffith’s affidavit clearly provides that he received timely notice of the judgment. The

motion to extend postjudgment deadlines and supporting affidavits are neither

unambiguous nor explicit regarding the factual underpinnings for the allegations that

Amaro received untimely notice of the judgment, and thus do not constitute prima facie

evidence sufficient to invoke a Rule 306a hearing. See id.

 8
 And, even if we were to conclude otherwise, relator also argues that the trial court

abused its discretion in granting the Rule 306a motion because it entered an order that

fails to meet the Rule 306a requirements. Here, the order states that Amaro’s motion to

extend postjudgment deadlines is “granted” and orders “that the designated date of Final

Judgment is the date of this Order,” and the order was executed on November 1, 2018.

However, Rule 306a(5) specifically requires the movant to prove in the trial court, on

sworn motion and notice, the date on which the party or his attorney first either received

a notice of the judgment or acquired actual knowledge of the signing and that this date

was more than twenty days after the judgment was signed. See TEX. R. CIV. P. 306a(5).

The trial court’s “Order Granting Plaintiff’s Motion to Extend Postjudgment Deadlines”

does not include a finding or ruling regarding when Amaro or his attorneys received notice

or actual knowledge of the judgment. See id. As the Texas Supreme Court recognized,

when a trial court fails to specifically find the date of notice, the finding may be implied

from the trial court’s judgment, unless there is no evidence supporting the implied finding

or the party challenging the judgment establishes as a matter of law an alternate notice

date. In re Lynd, 195 S.W.3d 682, 686 (Tex. 2006) (orig. proceeding) (comparing the

requirements under rule of civil procedure 306a, which allow for an implied finding, with

the requirements for a written order under appellate rule 4.2); Hanash v. Walter Antiques,

Inc., 551 S.W.3d 920, 926 (Tex. App.—El Paso 2018, pet. denied). However, we cannot

make any such implication when there is an actual finding, and there is simply no

evidence in the record before us supporting a finding that Amaro or his counsel received

notice or actual knowledge of the judgment on November 1, 2018. And in any event,

November 1, 2018 is well beyond ninety days after the judgment was signed. See TEX.

R. CIV. P. 306a(4).

 9
 We conclude that Amaro did not establish the date on which he or his attorneys

first either received notice of the judgment or acquired actual knowledge of the signing of

the judgment pursuant to Rule 306a. Therefore, Amaro did not reinvoke the trial court’s

jurisdiction after its jurisdiction expired, rendering void the trial court’s order granting the

motion to extend postjudgment deadlines. We conclude that the trial court abused its

discretion by entering a void order granting the Rule 306a motion. Because the order

granting Amaro’s motion was void, relator does not have to show that he lacks an

adequate remedy by appeal. See In re Sw. Bell Tel. Co., 35 S.W.3d at 605.

 Based on the foregoing, we sustain the first three issues presented by relator, and

we need not address his remaining issue in support of his request for relief. See TEX. R.

APP. P. 47.4.

 V. CONCLUSION

 The Court, having examined and fully considered the petition for writ of mandamus,

the record presented, and the applicable law, is of the opinion that the relator has met his

burden to obtain mandamus relief. Accordingly, we conditionally grant the writ of

mandamus and we direct the trial court to vacate its November 1, 2018 order and, if

necessary, vacate any order rendered after expiration of its plenary power. Our writ will

issue only if the trial court fails to comply.

 DORI CONTRERAS
 Chief Justice

Delivered and filed the
26th day of February, 2019.

 10