

# NUMBER 13-20-00481-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HEATHER RENEE MAYES

## On Petition for Writ of Injunction.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Heather Renee Mayes filed a petition for writ of mandamus through which she contends that the trial court issued void orders after the expiration of its plenary power. Relator requests that we issue "injunctive" relief to prevent enforcement of the final decree of divorce and other orders issued after the expiration of the trial court's plenary power. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An order in which the trial court purports to grant a motion for new trial after its plenary power has expired is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding). When an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Merino*, 542 S.W.3d 745, 747 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest David Gordon Mayes, relator's reply, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we lift the stay previously entered in this case and we deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
19th day of January, 2021.