# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00214-CV

**Terry Burns, M.D., and Stephen M. Rapkin, Appellants**

**v.**

**The City of San Antonio, Texas, acting by and through the City Public Service Board of San Antonio, Texas, and Ken Paxton, Attorney General of Texas, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-006848, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## MEMORANDUM OPINION

Terry Burns, M.D., and Stephen M. Rapkin attempt to appeal from the trial court's denial of their motion for new trial. *See* Tex. R. Civ. P. 329. Appellee the City of San Antonio, Texas, acting by and through the City Public Service Board of San Antonio, Texas, has filed a motion to dismiss the appeal, arguing that this Court lacks jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellants filed a response to the City's motion, and the Attorney General filed a letter brief asserting his neutrality in this dispute, except that he opposes the City's requested dismissal on one ground (a ground that we do not reach in this opinion). For the following reasons, we grant the City's motion to dismiss.

The following summary frames the factual and procedural background of the jurisdictional dispute. On November 12, 2020, the City filed an action in Travis County District Court under Chapter 1205 of the Government Code—commonly known as the "Expedited

Declaratory Judgment Act" (EDJA), *see* Tex. Gov't Code §§ 1205.001–.152—seeking to "adjudicate the legality, validity and enforceability of 26 series of public securities . . . and the related City ordinances . . . pursuant to which each such series of Public Securities are issued and now remain outstanding." The City alleged that the ordinances at issue "confirm[] and extend[] investment of the management and control" of its electric and gas utility systems (Systems) in the Board, pursuant to the ordinances' "Governance Provisions" establishing Board membership requirements and term limits, among other items.

According to the City's original petition, the validity of the securities and authorizing ordinances "have been brought into question by a [citizen] initiative petition . . . that seeks to alter the management, control and operation of the Systems" through voter approval of a proposed amendment to the City's charter. *See* Tex. Loc. Gov't Code § 9.004(a) ("The governing body [of a municipality] shall submit a proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters . . . ."). The City asserted that "[t]he contemplated Charter Amendments are directly contrary to and would unconstitutionally and impermissibly amend and impair the City's contractual obligations set forth in each of the Ordinances, including without limitations, the terms of the Governance Provisions . . . [, and] the Initiative Petition attacks the City's contractual obligations with the holders" of the public securities under the ordinances. The City alleged that "at least one of the national credit rating agencies" had revised its outlook for the City from "stable" to "negative," based in part on the existence and pendency of the initiative petition, and that the City "depends upon favorable credit ratings and outlooks to borrow money at low interest rates where even small incremental changes can have tremendous financial

2

impact." When the City filed its original petition, the initiative petition had not attained the requisite 20,000 signatures to place the proposed charter amendment on the ballot.

Pursuant to the EDJA, the City served the Attorney General with a copy of its petition and provided "interested parties" with notice by publication. *See* Tex. Gov't Code §§ 1205.041 (including among list of "interested parties" all persons who reside in territory of securities issuer), .042 ("Service of Notice on Attorney General; Waiver of Service"), .043 (providing details of timing and venue of publication notice); *see also id.* § 1205.044 ("The effect of notice given under Sections 1205.041 and 1205.043 is that: (1) each person described by Section 1205.041(a) is a party to the action; and (2) the court has jurisdiction over each person to the same extent as if that person were individually named and personally served in the action."). No person became a "named party" to the suit by filing an answer or intervening. *See id.* § 1205.062. After a bench trial, the district court rendered judgment on December 7, 2020, granting the City's requested declaratory relief and expressly validating the securities and ordinances. Pursuant to the EDJA's terms, the judgment is "binding and conclusive" against any party to the action, whether named and served with notice or served by publication. *See id.* § 1205.151(b). The judgment also granted the City injunctive relief. *See id.* § 1205.151(c) (providing that judgment "is a permanent injunction against the filing by any person of any proceeding contesting the validity of . . . the public securities," public security authorization, and "any adjudicated matter and any matter that could have been raised in the action"). No party filed an appeal of the judgment. *See id.* § 1205.068 (providing that "any party" to EDJA action may appeal judgment, that "judgment from which an appeal is not taken is final," and that appeals are accelerated and take "priority over any other matter, other than writs of habeas corpus").

3

On February 23, 2021, appellants filed their "Motion for New Trial Under Rule 329, T.R.C.P. and Plea to the Jurisdiction" (Motion) in the same cause number as the underlying EDJA action, identifying themselves as registered voters in the City and as some of the "organizers of the charter amendment petition." They alleged that the City filed its "secret" EDJA suit when petitioners had gathered 14,000 signatures and that the suit's "actual sole purpose" was to permanently enjoin the organizers and "all residents" of the City "from ever attempting to change the governance or policies of the city-owned utility by home rule charter amendment, under the pretense that such changes would breach provisions of the bonds." They alleged that the City had been "well aware" of the organizers' identities but nonetheless did not provide them "actual notice" of the suit; "deliberately kept interested citizens from participating" in the suit; and "did not announce [the suit] publicly until January 7, 2021, in an attempt to foreclose appeal under § 1205 accelerated appeal procedures." Appellants asserted that the trial court lacked subject-matter jurisdiction and that the judgment was therefore void, praying that the trial court set aside the judgment and dismiss the suit for want of jurisdiction. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("A void judgment . . . can be collaterally attacked at any time."). They further asserted that they were entitled to a new trial because their due-process rights were violated when the City provided them publication notice only, citing *City of Magnolia v. Magnolia Bible Church*, 629 S.W.3d 471, 476–78 (Tex. App.—Austin 2020, no pet.) (Rose, C.J., concurring). The trial court denied the motion, and appellants filed a notice of appeal on May 5, 2021.

The City contends that this Court has no jurisdiction over the appeal because appellants' notice of appeal was untimely. We agree. For purposes of this analysis, we assume without deciding that appellants are "defendant[s]" under Rule 329 and were entitled to file a

4

Rule 329 motion for new trial in the underlying EDJA action. *Compare id.* at 478 (Rose, C.J., concurring) (The "failure of due process eliminates the need to determine whether Rule 329 applies to EDJA judgments generally[.]"), *with id.* at 483 (Triana, J., concurring) ("Rule 329 applies to suits under the EDJA."), *with id.* at 486 (Baker, J., dissenting) ("[A]pplying Rule 329 to rulings under the EDJA is inconsistent with the legislative scheme."). Rule 329 permits a "defendant" to file a motion for new trial within two years of a signed judgment in a case "in which judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by attorney of his own selection." Tex. R. Civ. P. 329 (providing that court "may grant" motion upon defendant's "showing good cause, supported by affidavit"). Appellants filed their Motion seventy-eight days after the trial court rendered its final judgment in the EDJA action. When a Rule 329 motion is filed more than thirty days after the judgment is signed, the appellate timetable runs from the date the motion for new trial is filed. *See* Tex. R. App. P. 4.4; *see also* Tex. R. Civ. P. 306a(7) (providing for same resetting of judgment date and applying it to trial court's period of plenary power), 329(d) (providing that time period shall be computed pursuant to Rule 306a(7) if motion filed more than thirty days after judgment signed).

In an accelerated appeal, a notice of appeal must be filed within twenty days after the judgment is signed or, if a proper extension request is made and granted, within thirty-five days. *See* Tex. R. App. P. 26.1(d), .3. Accelerated appeals include those "required by statute to be accelerated or expedited," *see id.* R. 28.1(a), and the filing of a motion for new trial "will not extend the time to perfect an accelerated appeal," *see id.* R. 28.1(b). The EDJA provides that appeals under the act are to be "governed by the rules of the supreme court for accelerated appeals." Tex. Gov't Code § 1205.068(e). Therefore, appellants were required to file their notice of appeal by March 15, 2021, or—per the one available fifteen-day extension—by March 30.

5

Because appellants did not file their notice of appeal until May 5, they did not properly perfect their appeal and this Court is without jurisdiction over it. *See In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding) (explaining that requirement of timely notice of appeal is jurisdictional).

Appellants counter that this appeal should be considered under the standard timelines rather than the accelerated ones because their Motion is in substance "equivalent to an equitable bill of review." *See In re A.A.S.*, 367 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that petition for bill of review is brought as "a separate 'suit'" from underlying suit in which judgment at issue was rendered, and appeal from denial of petition for bill of review is not accelerated even if underlying suit is); *see also Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) ("A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal."). Appellants support their argument by citing caselaw in which appellate courts have construed Rule 329 motions as bills of review and vice versa. *See Stock v. Stock*, 702 S.W.2d 713, 714–16 (Tex. App.—San Antonio 1985, no writ) (treating Rule 329 motion, in which appellant contended judgment nunc pro tunc was void because it improperly corrected judicial errors, as equitable bill of review for purposes of analyzing appellant's contention, and holding that judgment was indeed void and must be set aside); *Brown v. Breneman*, 385 S.W.2d 461, 463 (Tex. App.—Dallas 1964, no writ) (treating bill of review filed in new cause number as Rule 329 motion for new trial because rule afforded legal statutory remedy to parties, obviating need of equitable remedy, but dismissing appeal because by setting aside judgment trial court effectively granted motion for new trial, which ruling is not generally appealable); *Rimbow v. Rimbow*, 191 S.W.2d 89, 91 (Tex. App.—Galveston 1945, writ ref'd)

6

(noting that Rule 329 motion was "in substance and effect" bill of review, which conferred power on trial court to declare judgment void, and affirming trial court's determination that judgment was void).

However, each of those three opinions is distinguishable from the circumstances here. In *Stock*, the appellate court did not address its own jurisdiction, presumably because there was no dispute that the right to appeal had been timely perfected. 702 S.W.2d at 714–16. In *Brown*, the petition for bill of review had been filed in a new cause number, unlike the Motion here. 385 S.W.2d at 463. And the procedural posture in *Rimbow* was opposite from that here because the trial court had rendered an order granting the appellant's requested relief by rendering an order voiding the prior challenged judgment. 191 S.W.2d at 91. None of those three cases addressed how the appellate court's construction of the motion at issue could affect perfection of an appeal. Moreover, those courts' willingness to construe the motions at issue liberally and in accordance with their substance was in the context of conducting their review of the trial court's rulings after appellate jurisdiction had (presumably) been established. Here, we do not reach the question of the propriety of the trial court's ruling unless our appellate jurisdiction exists, and we have determined that it does not.

Appellants alternatively contend that this Court has jurisdiction over the trial court's denial of their Motion because its substance constituted a "collateral attack" on the EDJA judgment, independently of their request for a new trial. Although appellants did not use the phrase "collateral attack" in the style or content of their Motion, we acknowledge that the Motion's substance arguably supports the conclusion that they were attempting to lodge a

7

collateral attack on the judgment.[1]  *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (noting that void judgment may be collaterally attacked and that judgment "is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act'" (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985))); *see also In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012) ("A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time.").

However, appellants filed their Motion in the same cause number as the underlying EDJA action rather than as a new proceeding, which is contrary to the proper procedure for lodging collateral attacks.  *See Travelers Ins. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit."); *In re Emerson*, No. 06-19-00067-CV, 2019 WL 3756231, at *2–3 (Tex. App.—Texarkana Aug. 9, 2019, orig. proceeding) (mem. op.) (concluding that, because party attempted to lodge collateral attack in same cause number in which judgment was rendered, rather than by initiating new case, trial court lacked authority over attempted collateral attack); *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) ("A collateral attack is accomplished

---

[1] Appellants contended, for instance, that (1) the judgment was void because the trial court "lacked jurisdiction to enjoin the charter amendment process," citing *City of Austin v. Thompson*, 219 S.W.2d 57, 59 (Tex. 1949) ("[I]t is beyond the power of a court of equity to enjoin an election or any incident to it . . . ."), and (2) the judgment was void because they were deprived of their constitutional right to due process, citing *City of Magnolia v. Magnolia Bible Church*, 629 S.W.3d 471, 476–78 (Tex. App.—Austin 2020, no pet.) (Rose, C.J., concurring); *see also In re Merino*, 542 S.W.3d 745, 749 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (noting that courts are to give effect to substance of motions rather than to their title or form and concluding that because motion for new trial did not assert collateral attack, refer to collateral attacks, or cite caselaw involving collateral attack, it did not constitute collateral attack).

8

through initiating a new cause under a different cause number that challenges the effect of the original judgment."); *see also Browning*, 165 S.W.3d at 346 ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against."). It is black-letter law there can be only one final judgment in a cause except as otherwise specifically provided by law. *See* Tex. R. Civ. P. 301; *Ventling v. Johnson*, 466 S.W.3d 143, 149 (Tex. 2015). The final judgment rendered in cause number D-1-GN-20-006848 is the EDJA judgment that appellants contend is void. Although appellants' filing of the Motion reset the date of the EDJA judgment for calculating the date by which appellants needed to perfect their appeal, *see* Tex. R. App. P. 4.4, the EDJA judgment remained the sole final judgment in cause number D-1-GN-20-006848, regardless of whether appellants are correct that the EDJA judgment is void, *see Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375, 380 (Tex. App.—Austin 2006, no pet.) (observing that "a void judgment can be final for purposes of appeal"). Simply because the trial court rejected appellants' arguments for why the judgment was allegedly void does not transmute its order denying appellants' Motion into an appealable, final judgment. *See Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-11-00138-CV, 2012 WL 690289, at *1 (Tex. App.—Texarkana Mar. 2, 2012, no pet.) (mem. op.) (dismissing for lack of jurisdiction appeal from denial of motion to set aside judgment because "[a]n order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable"); *cf.* Tex. Civ. Prac. & Rem. Code § 51.014(a) (enumerating types of interlocutory orders that are appealable).

Lacking jurisdiction over this appeal, we accordingly dismiss it. *See* Tex. R. App. P. 42.3(a), 43.2(f).

9

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Dismissed for Want of Jurisdiction

Filed:   November 18, 2021